STATE OF NORTH CAROLINA v. DAVID WOODS AND McKINLEY MOORE

No. 8126SC829

(Filed 2 March 1982)

1. Criminal Law § 92.5 — denial of motion for severance

Defendant was not denied a fair trial by the denial of his motion to sever his armed robbery trial from that of a codefendant where all of the evidence at trial portrayed defendant as the gunman and the codefendant as an accomplice, since there was no conflict in the positions at trial of the defendant and the codefendant which was of such a nature as to deny defendant a fair trial.

2. Criminal Law § 102.6 — jury argument — reference to photographs as substantive evidence — absence of objection

The prosecutor's jury argument referring to photographs as substantive evidence did not constitute such a gross impropriety that it could not have been corrected upon objection, and the trial court did not abuse its discretion in failing ex mero motu to strike such argument.

3. Criminal Law § 102.11 — jury argument — comment on guilt or innocence of defendant — absence of objection

Even if the prosecutor's jury argument that "I just can't buy . . . the story of [defendant] that he just happened to be there" constituted an improper comment on the guilt or innocence of defendant, G.S. 15A-1230(a), such argument did not constitute such a gross impropriety as to require the trial court to strike it ex mero motu.

4. Criminal Law § 113.7 — aiding and abetting — instruction on intent

The trial court's instruction requiring the jury to find that defendant "knowingly aided [the perpetrator] to commit robbery with a firearm" in order to find defendant guilty of armed robbery as an aider and abettor adequately informed the jury that defendant's participation in the crime must have been advertent and pursuant to an intent to assist the actual perpetrator.

APPEAL by defendants from *Lamm, Judge.* Judgments entered 18 September 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 January 1982.

Defendants appeal from judgments of imprisonment entered upon convictions of armed robbery.

*Attorney General Edmisten, by Associate Attorney General Blackwell M. Brogden, Jr., for the State.*

*Cherie Cox, Assistant Public Defender, for defendant appellant David Woods.*

*Adam Stein, Appellate Defender, for defendant appellant McKinley Moore.*

WHICHARD, Judge.

### STATE'S EVIDENCE

Janet Brooks was employed at the Party Junction Store in Charlotte on 15 December 1979 when three men attempted to cash a check there. She declined to cash the check, because company policy precluded this for anyone except old customers. The men paid for their purchase and left.

About one hour later they returned. One put a gun in the face of Ms. Brooks' fellow employee and told him to lie on the floor in the rear of the store. Another placed a gun in Ms. Brooks' face and told her to open the cash register. The third stood "about halfway between the register and the door."

Ms. Brooks gave the gunman "almost a hundred dollars." The man who stood between the register and the door then said, "Let's go man, let's go." The two men thereupon left together.

Ms. Brooks subsequently viewed a series of photographs from which she identified defendant Woods as the gunman and defendant Moore as the accomplice who said, "Let's go, man, let's go." She testified: "[T]here is no doubt about those two individuals in the photographs."

### DEFENDANT WOODS' APPEAL

[1] The only assignment of error brought forward is to the denial of defendant Woods' motion to sever his trial from that of

defendant Moore. He contends he was denied a fair trial and due process because defendant Moore's counsel, in his questioning of witnesses and jury argument, portrayed defendant Woods as the gunman and defendant Moore as a passive observer.

> Absent a showing that a defendant has been deprived of a fair trial by joinder, the trial judge's discretionary ruling on the question will not be disturbed . . . . The test is whether the conflict in defendants' respective positions at trial is of such a nature that, considering all of the other evidence in the case, defendants were denied a fair trial . . . . In a case where antagonistic defenses were urged as a ground for severance this Court said long ago, 'Unless the accused suffered some apparent and palpable injustice in the trial below, this court will not interfere with the decision of the [trial] court on the motion for a severance.'

*State v. Nelson*, 298 N.C. 573, 586-587, 260 S.E. 2d 629, 640 (1979), *cert. denied*, 446 U.S. 929, 64 L.Ed. 2d 282, 100 S.Ct. 1867 (1980).

All the evidence here portrayed defendant Woods as the gunman and defendant Moore as an accomplice. Neither the State nor defendants offered evidence which in any way countered that version of the facts. There thus was no conflict in the defendants' positions at trial of such a nature as to deny defendant Moore a fair trial. In light of the prosecuting witness' uncontradicted and unequivocal identification of defendant Woods as the gunman, there is no "reasonable possibility that . . . a different result would have been reached" had the cases been severed. G.S. 15A-1443. Defendant Woods thus has not sustained his burden of showing prejudice from denial of the motion to sever, and we find no basis for disturbing the trial court's ruling.

### DEFENDANT MOORE'S APPEAL

#### I.

[2] (A) In his closing argument to the jury the prosecuting attorney made the following comment with reference to the prosecuting witness' identification of defendant Moore:

> It would be easy for McKinley [Moore]. You see how McKinley has got his hand in his photograph? Can everybody see that, when we passed it around, where McKinley had his

hands in the photograph? Why do you suppose he's got his hand up by his mouth? Those gold teeth. I submit to you they snapped the shot before he could quite get it all the way up there, but she picked him right out.

Defendant Moore contends that since the photographs were admissible solely to illustrate the witness' testimony, and not as substantive evidence,[1] the prosecutor was improperly arguing facts not in evidence. G.S. 15A-1230(a); *State v. Britt*, 288 N.C. 699, 711, 220 S.E. 2d 283, 291 (1975).

> Ordinarily, an impropriety in counsel's jury argument should be brought to the attention of the trial court before the case is submitted to the jury in order that the impropriety might be corrected . . . . This rule does not apply, however, when the impropriety is so gross that it cannot be corrected . . . . The control of the argument of the district attorney and counsel must be left largely to the discretion of the trial judge and his rulings thereon will not be disturbed in the absence of gross abuse of discretion.

*State v. Hunter*, 297 N.C. 272, 277-278, 254 S.E. 2d 521, 524 (1979).

The record discloses no objection to the argument at trial. We do not find therein "impropriety . . . so gross that it cannot be corrected." *Id.* The prosecuting witness' uncontradicted and unequivocal identification of defendant Moore as the gunman's accomplice rendered unlikely a different result consequent upon exclusion of this portion of the argument. We thus find no basis for holding that the trial court grossly abused its discretion in not acting *ex mero motu* to strike it.

[3] (B) The prosecutor, in his closing argument, also stated: "[B]ut I just can't buy, and I submit you should not either, the story of McKinley Moore that he just happened to be there." Defendant Moore contends this constituted improper argument "as to the guilt or innocence of the defendant." G.S. 15A-1230(a); *State v. Britt, supra.*

---

1. Photographs are admissible as substantive evidence in trials commencing on and after 1 October 1981. 1981 N.C. Sess. Laws, ch. 451. This trial commenced prior to 1 October 1981, and is thus governed by the rule which allows use of photographs only to illustrate or explain testimony. *See* 1 *Stansbury's North Carolina Evidence*, § 34 (Brandis Rev. 1973).

Again, there was no objection to the argument at trial. The impropriety was not "so gross that it cannot be corrected." Hunter at 278; 254 S.E. 2d at 524. A different result consequent upon exclusion of this argument is also unlikely. We thus decline to hold that the trial court grossly abused its discretion in not acting *ex mero motu* to strike it.

II.

**[4]** Defense counsel, in his closing argument to the jury, stated:

> If [defendant] was casing the joint, why would he show her some identification, some pictures of himself? He's already standing there with his gold caps on his teeth. He knows they're on there. He's not stupid. Why would he go up there if he's casing the joint for a later robbery and present some identification with his name on it?

The prosecutor's objection, on the ground that there was no evidence that any identification had defendant's name or picture thereon, was sustained. Defendant contends there was such evidence, *viz.*, the following in the prosecuting witness' testimony:

> Q. And when [defendant] was talking with you during that time [*i.e.*, the visit about one hour before the holdup], . . . he showed . . . you all sorts of identification, including a picture of him in his uniform and a driver's license and various pieces of identification. Did he not?
>
> A. Yes.

Assuming, *arguendo*, that the argument was proper, and its exclusion thus error, we again find no "reasonable possibility that . . . a different result would have been reached" had the objection been overruled. G.S. 15A-1443. There was uncontroverted evidence that the prosecuting witness did not look at these identifying items. She testified that she saw them lying on the counter, but did not study them; and that she did not pay any attention to them, because she had already told defendant she could not cash his check. Further, defendant's state of mind upon his initial visit to the store is inconsequential in light of the uncontroverted and unequivocal identification of defendant as the accomplice who, on the second visit, stood by while the holdup was in process and when it was complete said to the gunman, "Let's go, man, let's

go." Defendant has failed to sustain his burden of showing preju-
dice in the sustention of the prosecutor's objection to the argu-
ment.

### III.

[5] Defendant Moore finally contends the court erred in its jury
instruction on aiding and abetting by failing to inform the jury
that one who aids and abets must share the felonious intent of the
principal perpetrator of the crime. The portions complained of
were as follows:

> A person may be guilty of robbery with a firearm,
> although he does not personally do any of the acts necessary
> to constitute that crime. A person who aids and abets
> another to commit robbery with a firearm is guilty of that
> crime. You must clearly understand that if he does aid and
> abet, he is guilty of robbery with a firearm just as if he had
> personally done all of the acts necessary to constitute the
> crime. Now, I charge that for you to find a defendant guilty
> of robbery with a firearm because of aiding and abetting, the
> State must prove beyond a reasonable doubt; first, that rob-
> bery with a firearm was committed by the defendant, David
> Woods. You will recall that I have just instructed you on the
> seven things that the State must prove beyond a reasonable
> doubt with respect to robbery with a firearm. And, second,
> the State must prove to you that the defendant was present
> at the time the crime was committed and that he knowingly
> aided David Woods to commit that crime. However, a person
> is not guilty of a crime merely because he is present at the
> scene, even though he may silently approve of the crime or
> secretly intend to assist in its commission. To be guilty, he
> must aid or actively encourage the person committing the
> crime or in some way communicate to this person his inten-
> tion to assist in its commission.

> .   .   .   .

> As to the defendant, McKinley Moore, I charge that if
> you find from the evidence beyond a reasonable doubt that
> on or about December 15, 1979, David Woods committed rob-
> bery with a firearm and that McKinley Moore was present at
> the time the crime was committed and looked about and then

said, "Let's go, man, let's go. [sic]" and that, in so doing, McKinley Moore knowingly aided Daivd Woods to commit robbery with a firearm, it would be your duty to return a verdict of guilty of robbery with a firearm, as to the defendant, McKinley Moore. However, if you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty as to the defendant, McKinley Moore.

Our Supreme Court has stated:

'All who are present at the place of a crime and are either aiding, abetting, assisting, or advising in its commission, or are present for such purpose to the knowledge of the actual perpetrator, are principals and equally guilty. . . . An aider and abettor is one who advises, counsels, procures, or encourages another to commit a crime . . . . To render one who does not actually participate in the commission of a crime guilty of the offense committed, there must be some evidence tending to show that he, by word or deed, gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to lend assistance when and if it should become necessary.'

*State v. Aycoth*, 272 N.C. 48, 51, 157 S.E. 2d 655, 657 (1967). The instructions given here fully and adequately informed the jury regarding this standard. The phrase "knowingly aided . . . to commit [the] crime" clearly mandated, as a prerequisite to a finding of guilt, a determination that defendant's participation in the crime was advertent and pursuant to an intent to assist the actual perpetrator. The jury could not have been misled to believe otherwise.

This court has upheld an instruction that the jury could convict "if it found beyond a reasonable doubt that the defendant was present when [the actual perpetrator] committed the crime and that the defendant *knowingly* encouraged and *aided* [the perpetrator] . . . ." *State v. Cassell*, 24 N.C. App. 717, 723, 212 S.E. 2d 208, 212, *cert. denied* and *appeal dismissed*, 287 N.C. 261, 214 S.E. 2d 433 (1975). (Emphasis supplied.) The instruction given here was derived almost verbatim from the Pattern Jury Instructions. *See* N.C.P.I.— Criminal 202.20 (1977).

RESULT

No error.

Judges CLARK and ARNOLD concur.