STATE OF NORTH CAROLINA v. JAMES KEITH ROSS

No. 8929SC1143

(Filed 4 September 1990)

**1. Homicide § 9 (NCI3d)— self-defense—court's requirement of written notice—no plain error**

The trial court did not commit plain error in requiring defendant to submit a written notice of intent to rely upon

self-defense in a homicide case even if there is no statutory requirement for such notice.

**Am Jur 2d, Homicide §§ 139, 519; Trial § 92.**

2. **Homicide § 9 (NCI3d) — intent to rely on self-defense — court's remarks to jury venire — no plain error**

It was not plain error for the trial court to inform the jury venire of defendant's intent to rely upon self-defense even though the court's action may have been error had defendant objected or moved for a mistrial.

**Am Jur 2d, Homicide §§ 139, 519; Trial § 92.**

3. **Criminal Law § 34.7 (NCI3d) — murders — prior homosexual activities by defendant — admissibility to show motive and pattern of conduct**

The testimony of a teenage boy about homosexual activities the defendant engaged in with him and the two teenage victims was admissible in a murder prosecution to show motive and a pattern of conduct toward the victims consistent with the State's theory that defendant killed the victims after they threatened to expose defendant's sexual orientation and his activities to the community unless they were paid by him to keep quiet. N.C.G.S. § 8C-1, Rule 404(b).

**Am Jur 2d, Evidence §§ 321, 325, 326.**

4. **Criminal Law § 86.2 (NCI3d) — prior conviction over ten years old — cross-examination of defendant — waiver of objection**

Even if the trial court erred in ruling that the prosecution could cross-examine defendant about a conviction more than ten years old, defendant's objection was waived when defendant himself testified about the conviction on direct examination. N.C.G.S. § 8C-1, Rule 609(b).

**Am Jur 2d, Evidence § 330.**

5. **Criminal Law § 88.4 (NCI3d) — relationship with victim — direct testimony — cross-examination as to details**

Where defendant testified in a murder prosecution that he had had a homosexual relationship with one victim, it was permissible for the State to bring out the details of that relationship on cross-examination of defendant.

**Am Jur 2d, Witnesses §§ 468, 492.**

6. **Criminal Law § 430 (NCI4th) — murder of teenage boys — jury argument that defendant was homosexual pedophile**

In a prosecution of defendant for the murder of two teenage boys, the prosecutor's jury argument that "the fact that [defendant] was a homosexual pedophile is an extremely important aspect of this case; because that sort of thing is illegal under the laws of the State of North Carolina" constituted a reasonable inference from the evidence and was not improper.

**Am Jur 2d, Homicide § 463; Trial §§ 218, 260, 262.**

7. **Criminal Law § 438 (NCI4th) — jury argument — defendant as wolf in sheep's clothing — impropriety cured by instruction**

Any impropriety in the prosecutor's biblical references in his jury argument implying that defendant was a wolf in sheep's clothing was removed when the trial court admonished the prosecutor to keep his argument within the evidence.

**Am Jur 2d, Homicide § 463; Trial §§ 218, 260, 262.**

8. **Criminal Law § 436 (NCI4th) — murder of teenage boys — jury argument — defendant's desire toward other boys — inference supported by evidence**

In a prosecution of defendant for murder of two teenage boys, the prosecutor's jury argument that, if defendant can deceive the jury, "then he can be out on the street and get his hands on more young boys within a day or two . . . And that is the ultimate driving force in his life" constituted a reasonable inference supported by defendant's admissions about his sexual relations with minor males and evidence of his prior conviction of forced carnal knowledge of a minor male.

**Am Jur 2d, Homicide § 463; Trial §§ 218, 260, 262.**

9. **Criminal Law § 1185 (NCI4th) — aggravating factor — prior conviction — prayer for judgment continued or juvenile adjudication not shown**

The statement in the record of a 1970 Virginia felony conviction of defendant that the court "doth defer imposition of a sentence" did not show that a prayer for judgment continued was entered so as to prevent the trial court from using the conviction to aggravate defendant's sentence for second degree murder. Nor was the Virginia conviction improperly considered on the ground that it was a juvenile adjudication

where the certified record of the conviction did not specify that the proceeding was a juvenile adjudication, since the certified record is prima facie evidence of the facts set out therein.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Judge GREENE dissenting.

APPEAL by defendant from a judgment entered 28 March 1989 by *Judge Claude S. Sitton* in McDOWELL County Superior Court. Heard in the Court of Appeals 1 June 1990.

On 12 August 1985 a jury convicted defendant of two counts of first-degree murder. Defendant was given two death sentences. On appeal, defendant was granted a new trial. *See State v. Ross*, 322 N.C. 261, 367 S.E.2d 889 (1988).

On 13 March 1989, defendant was convicted of two counts of second-degree murder. He was sentenced to two consecutive life sentences. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Charles M. Hensey, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Gordon Widenhouse, for defendant.*

LEWIS, Judge.

I.

Defendant first argues that the trial court erred in requiring defendant to file with the court a written notice of intent to rely upon self-defense and by telling the jury venire of defendant's intent to rely upon this defense. Defendant did not object to the written statement of intent relative to self-defense. No North Carolina statute requires a defendant to give notice of an intent to assert "self-defense" as a defense. (*See, e.g.,* G.S. § 15A-959 which requires defendants to file notice of reliance upon an insanity defense.) The defendant argues that by telling the jury venire that he had filed an affirmative defense of self-defense, the trial judge irreparably prejudiced his case because it implied that he admitted responsibility for the deaths of the two victims. However, defendant made no objection to the trial judge's preliminary comments. Rule 10 of the North Carolina Rules of Appellate Procedure requires a party to present a timely objection in order for the question to

be preserved for appeal. Further, defense counsel's opening statement immediately following jury selection contained the following:

> That Jim Ross left the room for a few minutes and when he came back into the room these boys had Jim's .9 millimeter automatic handgun and they had it on, and they not only threatened him, but they tried to kill him.

> I would also contend that they had his axe which was there in the same room over by the wood stove. They threatened him with that axe and tried to kill him with that. And that Jim had no alternative. He could not retreat. That the only thing he could do is protect himself in self-defense and save his own life.

Having failed to preserve this issue for appeal, we must decide whether, under the circumstances before us, the trial court committed "plain error." N.C.R. App. P. 10(c)(4).

[1] After carefully reviewing the record in this case we conclude that the trial court did not commit plain error when it required defense counsel to submit a written notice of intent to rely upon self-defense. While there is no statutory requirement for such notice, neither is there any prohibition against it. While we strongly caution against such methods as standard practice without legislative enactment, we hold that under the unique circumstances of this particular case, it was not plain error to require the defense to file notice of intent to rely upon self-defense.

[2] We also conclude that it was not plain error for the trial judge to inform the jury venire of counsel's intent to rely upon self-defense. *See* G.S. § 15A-1213; *State v. Hart*, 44 N.C. App. 479, 261 S.E.2d 250 (1980). Had the defendant objected or moved for mistrial, the trial court's actions may well have been error. It is manifestly clear from the record that the defense was prepared to present self-defense as its only possible theory of the case. It is likewise apparent from the record that counsel for the defendant failed to object or move for a mistrial based upon the court's remarks, and that such remarks were at least tacitly approved by counsel's silence. Furthermore, if counsel had chosen not to place any evidence before the jury of self-defense, the judge could have instructed the jury at the close of the evidence not to consider self-defense in its deliberations. *Id.* Our standard is "plain error" and

under these unique circumstances we find no plain error in the court's remarks.

## II.

[3] The defendant argues in his second assignment of error that the trial court erred in allowing the testimony of a teenage boy about homosexual activities the defendant engaged in with him and the two victims on previous occasions. The State's theory in this case was that the defendant killed the two victims, also teenage boys, after they threatened to expose the defendant's sexual orientation and his activities to the community unless they were paid by him to keep quiet. Specifically, the State sought to prove that one of the victims was shot while performing a sexual act with the defendant.

We hold that this evidence was highly relevant and that its relevance substantially outweighed any danger of unfair prejudice, confusion or misleading of the jury. The witness was previously in the presence of the defendant with the victims and he observed the victims engaging in homosexual acts with the defendant. This testimony was used to show motive and a pattern of conduct toward the victims consistent with the State's theory of the case. It was properly admitted. *See* G.S. § 8C-1, Rule 404(b) (1988).

## III.

[4] Defendant also argues that the court erred in admitting evidence of a conviction which was more than ten years old. The evidence was that the defendant had been convicted on 18 May 1970 of a felony of forced carnal knowledge of a male of eleven years of age. Prior to the evidentiary portion of the trial, the trial court conducted a voir dire examination regarding prior convictions. Judge Sitton ruled that the conviction had probative value as to veracity and that the prosecution would be allowed to cross-examine the defendant as to this felony. Defendant argues that the judge failed to detail the specific facts and circumstances which supported its finding that the probative value of admitting the conviction justified waiving Rule 609(b)'s general prohibition against admitting convictions more than ten years old. G.S. § 8C-1, Rule 609; *State v. Hensley*, 77 N.C. App. 192, 195, 334 S.E.2d 783, 785 (1985), *disc. rev. denied*, 315 N.C. 393, 338 S.E.2d 882 (1986).

Even if the trial court did err by ruling that the State would be permitted to cross-examine the defendant about his 1970 convic-

tion, this objection was waived when the defendant himself testified as to the convictions on direct examination:

> Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence could be incompetent or irrelevant had it been offered initially.

*State v. Albert*, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981). (Citations omitted.) The defendant himself "opened the door" to cross-examination on his prior convictions.

## IV.

Defendant next contends that the State was impermissibly allowed to cross-examine the defendant about "bad acts" of the defendant which did not relate to the defendant's character for truthfulness. Most of the questions objected to related to alleged homosexual activities of the defendant. On direct examination the defendant admitted that he was a bisexual (but that most of his relationships had been with men), that he had a prior conviction for a sexual offense involving a young boy, and that he had been engaged in an ongoing homosexual relationship with one of the victims, a fifteen-year-old teenage boy. The questions asked by the State relating to the defendant's activities with other persons not connected to this case were objected to by defense counsel and sustained by the trial court. Another line of questions asked by the State about whether the defendant showed one of the victims any homosexual movies at his house was objected to and subsequently withdrawn by the State. Therefore, these assignments of error are without merit.

[5] Other matters asked about and excepted to which were overruled by the trial court dealt with specific details of the defendant's activities with one of the victims. The defendant testified on direct examination that he had had a sexual relationship with this victim. It was permissible for the State to bring out the details of that relationship:

> [I]t remains true that the North Carolina practice is quite liberal and, under it, cross-examination may ordinarily be made to serve three purposes: (1) *to elicit further details of the story related on direct, in the hope of presenting a complete picture less unfavorable to the cross-examiner's case;* (2) to

bring out new and different facts relevant to the whole case; and (3) to impeach the witness, or cast doubt on his credibility.

1 Brandis, *North Carolina Evidence 3d*, Witnesses § 35 (1988) (emphasis added). It was not prejudicial error to admit this testimony.

## V.

Defendant further argues that portions of the State's closing arguments were outside the evidence and prejudicial to the defendant. The control of the argument of counsel must be left largely to the discretion of the trial judge, and his rulings will not be disturbed absent a showing of gross abuse of discretion. *State v. Woods*, 56 N.C. App. 193, 196, 287 S.E.2d 431, 433, *cert. denied*, 305 N.C. 592, 292 S.E.2d 13 (1982). After reviewing the statements objected to by defendant in closing argument, we find that the State's arguments were not improper. "An attorney may . . . argue any position or conclusion with respect to a matter in issue." G.S. § 15A-1230(a) (1988).

[6] Defense counsel objected to the following statements made to the jury about defendant's sexual activities: "[T]he fact that Mr. Ross was a homosexual pedophile is an extremely important aspect of this case; because that sort of thing is illegal under the laws of the State of North Carolina and every other State." The judge admonished the district attorney to refrain from arguing the law of other states. We find that otherwise this statement is a reasonable inference from the evidence presented at trial. Defendant admitted to being bisexual, he admitted receiving counseling for pedophilia, and that he had been convicted of a crime against nature involving an eleven-year-old boy in 1970. The State's theory was that the defendant killed the two victims to keep his criminal activities from being exposed to the community. It was permissible for the State to argue this theory to the jury. We reject this assignment of error.

[7] The next exception relates to biblical references made by counsel inferring that the defendant was a wolf in sheep's clothing. The trial court again admonished the State to keep its argument within the evidence. This prompt admonition removed any impropriety. *See State v. Woods*, 307 N.C. 213, 297 S.E.2d 574 (1982).

[8] The statements that form the basis of defendant's exception number 45 are as follows:

Because you know what he wants to do, if he can deceive you, the final and last challenge, then he can be out on the street and get his hands on more young boys within a day or two . . . And that is the ultimate driving force in his life. . . .

We find that it was not a gross abuse of discretion to allow the prosecution to make these statements. The defendant's admissions about his sexual relations with minor males when considered with his prior conviction supported the State's argument. The defendant's sexual preferences and activities formed the basis of the State's theory for the motive of defendant in killing the two teenage males. It was therefore appropriate subject matter for closing arguments by the State.

## VI.

[9] Finally, defendant argues that the trial court erred when it aggravated defendant's sentence based upon a valid 1970 conviction in Virginia. Defendant argues that the 1970 conviction is equivalent to a prayer for judgment continued. We find this argument to be without merit. The certified court record states that the defendant pleaded guilty to the charges against him and that the court found him guilty of abduction with intent to defile. Simply because the indictment states that it "doth *defer* imposition of a sentence . . .," does not mean that it was a prayer for judgment continued. We reject this assignment of error.

Defendant also argues that the trial court improperly considered this conviction in the sentencing phase because there was insufficient evidence to establish that the 1970 Virginia conviction was not a juvenile adjudication which would not amount to a conviction under Virginia law. Va. Code § 16.1-179. However, the certified copy of the 1970 Virginia court record was offered and received into evidence. It did not specify that the proceeding was a juvenile adjudication. The certified record is *prima facie* evidence of the facts set out therein. G.S. § 15A-1340.4(e). The defense offered no evidence to contradict this record. We hold that the trial court properly considered this conviction in aggravation of the defendant's sentence.

The defendant received a fair trial free of prejudicial error.

No error.

Judge ORR concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the conclusions of the majority that it was not plain error "to require the defense to file notice of intent to rely upon self-defense . . . [and] for the trial judge to inform the jury prior to voir dire of the counsel's intent to rely upon self-defense."

Traditionally, the criminal law, unlike the practice in civil law, "has not required the defendant to specifically plead his defense. A plea of not guilty ordinarily brings into issue all possible defenses to the substantive charge." 2 W. LaFave & J. Israel, *Criminal Procedure* § 19.4, at 511 (1984); *see State v. Todd,* 264 N.C. 524, 530, 142 S.E.2d 154, 159 (1965) (plea of not guilty entitles defendant to rely on more than one defense, including self-defense). By statute, North Carolina has created an exception to this general rule by requiring a defendant who intends to raise the defense of insanity to "file a notice of his intention to rely on the defense of insanity." N.C.G.S. § 15A-959(a) (1988). Any further restriction on the defendant's right to assert any defense is a matter which should be reserved for the General Assembly as it is not within the province of this court to carve out such exceptions. Surely the question of whether to require a defendant to give pre-trial notice of his intention to rely on self-defense should not, as the majority suggest, be left to the discretion of the trial judge.

The State does not argue that either the state or federal constitution requires that such notice be given, but instead suggests that "disclosure of an affirmative defense prior to trial is entirely proper." The determination of whether pre-trial notice of self-defense is proper presents not only complex questions of federal and state constitutional law, *see Wardius v. Oregon,* 412 U.S. 470, 37 L.Ed.2d 82 (1973) (notice of alibi statute invalidated as violating federal due process clause); *Williams v. Florida,* 399 U.S. 78, 26 L.Ed.2d 446 (1970) (notice of alibi procedure found consistent with constitutional provisions prohibiting self-incrimination); *Scott v. State,* 519 P.2d 774 (Alaska 1970) (notice of alibi order violated state constitutional privilege against self-incrimination notwithstanding that U.S.

Supreme Court had determined that it did not violate federal constitution), but also presents basic questions of the desirability of creating a notice of self-defense procedure. The desirability of such a procedure is clearly within the province of the General Assembly. *See* N.C.G.S. § 15A-959, Official Commentary (General Assembly specifically rejected requirement that defendant give pre-trial notice of alibi defense).

Furthermore, I believe the error of requiring the defendant to give a pre-trial notice of his intention to use self-defense became more egregious when the trial court revealed this information to the jury. Because this error, in my opinion, was fundamental and seriously affected the fairness of the defendant's trial, I conclude the error to have been plain error, *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983), which in this case requires a new trial.