STATE OF NORTH CAROLINA v. ROBERT ARNOLD GAY

No. COA01-795

(Filed 16 July 2002)

**1. Robbery— dangerous weapon—motion to dismiss—sufficiency of evidence**

The trial court did not err by failing to dismiss the charge of robbery with a dangerous weapon even though defendant contends that use of a stun gun was not a dangerous weapon that threatened or endangered the victim's life, because defendant's actions constituted the use of a dangerous weapon which threatened the victim's life when defendant wrapped his arm around the victim's neck, attempted to shock her with his stun gun, and ripped her backpack from her shoulder.

**2. Appeal and Error— preservation of issues—failure to make offer of proof**

Although defendant contends the trial court erred in a robbery with a dangerous weapon case by excluding testimony of the victim's reputation for untruthfulness, defendant did not preserve this issue for appellate review because: (1) defendant failed to make an offer of proof concerning the answers to the excluded questions; and (2) it is not obvious from the record what the excluded testimony would have shown.

Appeal by defendant from judgment entered 18 January 2001 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 May 2002.

*Attorney General Roy Cooper, by Assistant Attorney General John F. Oates, Jr., for the State.*

*Noell P. Tin, for defendant-appellant.*

TYSON, Judge.

Robert Arnold Gay ("defendant") appeals from the trial court's entry of judgment after a jury returned a verdict finding him guilty of robbery with a dangerous weapon. We find no error.

### I. Facts

The evidence at trial tended to show that on 11 June 1999, Jennifer Ellen Barnes ("Barnes") was working at Cookies by Design

in Charlotte, North Carolina. Cookies by Design is located in a shopping center adjacent to various other stores. At approximately 6:00 p.m., Barnes prepared to close the store. She turned off the lights and exited the front door wearing a backpack that contained $24,000.00 in cash that she had recently received from her father's estate. Barnes immediately noticed a person, later identified as defendant, standing at the corner of the building. She observed that he had a red face and "completely bloodshot" eyes. Defendant wore a "sock hat," a long-sleeve sweatshirt, and long pants. Barnes testified that she thought defendant's dress was highly unusual since it was a hot summer afternoon. Barnes turned to lock the front glass door. Defendant approached her and asked if she had any spare change. Barnes looked at defendant and said "[n]o, I don't have anything." She looked at defendant for approximately ten to fifteen seconds. Barnes again returned to locking the front door. With her back toward defendant, defendant wrapped his left arm around her neck and placed a "stun gun" up against her neck. Defendant took Barnes' backpack with the money inside and fled the scene. Five days later, defendant appeared inside the store where Barnes worked and asked for a co-worker. Barnes telephoned the police and defendant was eventually arrested. Defendant was tried on 15 January 2001. Defendant offered evidence, testified at trial, and denied robbing Barnes. The jury found defendant guilty of robbery with a dangerous weapon. The trial court sentenced defendant to a minimum of seventy months and a maximum of ninety-three months, and ordered him to pay $24,000.00 in restitution. Defendant appeals.

## II. Issues

Defendant argues that the trial court erred by (1) failing to dismiss the charges for insufficiency of evidence, and (2) excluding testimony of the victim's reputation for untruthfulness. Assignments of error set out in the record by defendant and not argued are deemed abandoned. N.C.R. App. P. 28(b)(5) (2001).

## III. Sufficiency of the Evidence

[1] Defendant contends the State presented no evidence that the "stun gun allegedly used by [him] was a dangerous weapon that endangered or threatened [Barnes'] life." Defendant claims that the trial court should have dismissed the charge of robbery with a dangerous weapon, and the jury should have been instructed on common law robbery only. We disagree.

When ruling on a motion to dismiss for insufficiency of the evidence, the trial court determines whether substantial evidence exists for each essential element of the offense charged, and whether defendant is the perpetrator of the offense. *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted).

"In ruling on a motion to dismiss, the trial court must view all of the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from the evidence." *State v. McAllister*, 138 N.C. App. 252, 259, 530 S.E.2d 859, 864, *appeal dismissed*, 352 N.C. 681, 545 S.E.2d 724 (2000) (citation omitted). "If there is more than a scintilla of competent evidence to support the allegations in the warrant or indictment, it is the court's duty to submit the case to the jury." *State v. Horner*, 248 N.C. 342, 344-45, 103 S.E.2d 694, 696 (1958). "In 'borderline' or close cases, our courts have consistently expressed a preference for submitting issues to the jury, both in reliance on the common sense and fairness of the twelve and to avoid unnecessary appeals." *State v. Hamilton*, 77 N.C. App. 506, 512, 335 S.E.2d 506, 510 (1985) (citing *State v. Vestal*, 283 N.C. 249, 195 S.E.2d 297, *cert. denied*, 414 U.S. 874, 38 L. Ed. 2d 114 (1973); *State v. Holt*, 90 N.C. 749 (1884); *Cunningham v. Brown*, 62 N.C. App. 239, 302 S.E.2d 822, *disc. rev. denied*, 308 N.C. 675, 304 S.E.2d 754 (1983)). Once substantial evidence is before the jury, any conflicts and discrepancies are for the jury to resolve and do not supply basis for dismissal. *Id.* (citing *State v. Greene*, 278 N.C. 649, 180 S.E.2d 789 (1971); *State v. Bolin*, 281 N.C. 415, 189 S.E.2d 235 (1972)).

The elements of robbery with a dangerous weapon are: (1) the unlawful attempt to take or taking of personal property from a person or presence, (2) by use or threatened use of a firearm or *other dangerous weapon*, (3) whereby the life of the person is threatened or endangered. *State v. Mann*, 355 N.C. 294, 303, 560 S.E.2d 776, 782 (2002) (citations omitted). Defendant contends that elements two and three are unsatisfied. He argues that use of the stun gun was not a dangerous weapon that threatened or endangered Barnes' life. We disagree.

"The element of danger or threat to the life of the victim is the essence of the offense." *State v. Gibbons*, 303 N.C. 484, 489, 279 S.E.2d 574, 578 (1981). "Prerequisite to conviction for armed robbery

. . . the jury must find from the evidence beyond a reasonable doubt that the life of the victim was *endangered or threatened* by the *use* or *threatened use* of 'firearms or other dangerous weapon, implement or means.' " *State v. Covington*, 273 N.C. 690, 699-700, 161 S.E.2d 140, 147 (1968) (emphasis in original). The offense requires "an act with the weapon which endangers or threatens the life of the victim . . . ." *Gibbons*, 303 N.C. at 491, 279 S.E.2d at 578.

Defendant admits that a stun gun can be a dangerous weapon, depending on how it is used. The evidence tended to show that defendant "put his left arm around [Barnes'] neck and attempted to use a stun gun which was in his right hand. Mrs. Barnes began struggling with [defendant] and, as she fell to the ground, [he] ripped the back pack off her back and ran away."

We hold that when defendant wrapped his arm around Barnes' neck, attempted to "shock" her with his stun gun, and ripped her back pack from her shoulder, defendant's actions constituted the use of a dangerous weapon which threatened Barnes' life. *Cf. State v. Joyner*, 295 N.C. 55, 243 S.E.2d 367 (1978) (held that use of glass soda bottle in the course of sexual assault and robbery was sufficient evidence to support an armed robbery with a dangerous weapon jury instruction); *State v. Cockerham*, 129 N.C. App. 221, 497 S.E.2d 831, *disc. rev. denied*, 348 N.C. 503, 510 S.E.2d 659 (1998) (held that gasoline thrown onto a victim's face with matches later found on the ground constituted the offense of robbery with a dangerous weapon); *State v. Westall*, 116 N.C. App. 534, 449 S.E.2d 24, *disc. rev. denied*, 338 N.C. 671, 453 S.E.2d 185 (1994) (held that placement of a pellet gun against a victim's back in the course of a robbery was sufficient to instruct the jury on robbery with a dangerous weapon); *State v. Funderburk*, 60 N.C. App. 777, 299 S.E.2d 822 (1983) (held use of inoperable air pistol to strike victim, which caused a black eye was sufficient evidence to instruct the jury on robbery with a dangerous weapon). This assignment of error is overruled.

## IV. Excluded Testimony

[2] Defendant contends that the trial court erred by sustaining the State's objection when defendant attempted to ask Tina Walsh, Barnes' supervisor, on direct examination about Barnes' "poor reputation for truthfulness with her co-workers."

The following exchange took place at trial between defense counsel and Tina Walsh:

Q. Did you form an opinion about [Barnes'] truthfulness?

. . . .

A. I didn't believe everything she said.

Q. Can you answer this question that you formed an opinion or not?

A. Yeah.

Q. And what was that opinion?

State. Objection.

Court. Overruled.

A. Well, she was very dramatic, and she liked to carry on and disrupt work. And—

State. Objection.

Court. Sustained as not being—you're not responsive.

Q. What was you opinion as to her honesty or truthfulness?

A. I didn't think she was honest.

Q. When did [Barnes] leave work at Cookies By Design?

A. I think it was like the end of August.

Defendant then attempted to elicit specific instances of conduct about the circumstances surrounding Barnes' leaving her employment and Barnes' co-workers' opinions concerning her reputation for truthfulness. The trial court sustained the objections. Defendant did not make a proffer regarding what the excluded testimony would have revealed.

"[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). *See also* N.C. Gen. Stat. § 8C-1, Rule 103 (2001); N.C. Gen. Stat. § 15A-1446(a) (2001). When evidence is excluded, "the essential content or substance of the witness's testimony is required" before we can determine whether exclusion of evidence was prejudicial. *State v.*

*Satterfield*, 300 N.C. 621, 628, 268 S.E.2d 510, 515-16 (1980) (quoting *Currence v. Hardin*, 296 N.C. 96, 249 S.E.2d 387 (1978)).

Here, Ms. Walsh gave her opinion of Barnes' truthfulness. Defendant made no offer of proof concerning what Ms. Walsh's answers to the excluded question might have been, nor is it obvious from the record what the excluded testimony would have shown. We hold that defendant failed to preserve this issue for appellate review, and that this issue is not properly before us. This assignment of error is dismissed.

## V. Conclusion

We hold that defendant received a trial by a jury of his peers before an able judge free from errors he assigned and argued.

No error.

Chief Judge EAGLES and Judge McGEE concur.