STATE OF NORTH CAROLINA v. JOHN EARL HINTON, JR.

No. COA01-1491

(Filed 31 December 2002)

**1. Criminal Law— witness speaking to juror—no mistrial**

There was no plain error in the trial court's failure to declare a mistrial ex mero moto in an armed robbery prosecution because a witness spoke with one of the jurors after his testimony where the witness did not speak with the juror about this case.

**2. Robbery— elements—threat to victim—sufficiency of evidence**

There was sufficient evidence in an armed robbery prosecution to submit to the jury the question of whether defendant had

endangered or threatened the victim's life by the use or threatened use of a knife.

### 3. Robbery— instructions—lesser included offenses—evidence of uncharged offense

The trial court correctly denied an armed robbery defendant's motion for an instruction on misdemeanor larceny where the amount stolen was less than $1,000, but defendant's testimony was that the robbery was staged for a security camera with the victim, with whom he was to split the money. Defendant's testimony, if believed, established a right to an instruction on embezzlement or larceny by an employee, but not misdemeanor larceny.

Appeal by defendant from judgment entered 18 July 2001 by Judge Abraham P. Jones in Wake County Superior Court. Heard in the Court of Appeals 17 September 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Steven A. Armstrong, for the State.*

*William D. Auman, for the defendant.*

BIGGS, Judge.

Defendant appeals his conviction of robbery with a dangerous weapon. The relevant trial evidence may be summarized as follows: Barbara Zaehring testified that on 21 January 2001, she was employed as a cashier at Grocery Boy Junior, a Wake County convenience store. Defendant entered the store early that morning, when no other customers were present. He approached the counter, displayed a "black handled knife with a silver blade," told Zaehring "I want your money," and then came behind the counter where Zaehring was standing. Zaehring grabbed a gun that the owner kept under the counter and pointed it towards defendant, who said "Go ahead, shoot me." Zaehring responded that it "wasn't worth it," replaced the gun on the counter, and opened the cash drawer for the defendant. He took all the money in the drawer and then left, telling Zaehring not to press the silent alarm. Zaehring testified that, although she did not recognize defendant during the robbery, she later remembered having seen him on one occasion at her husband's former place of employment.

Defendant testified that he became acquainted with Zaehring because he had worked for the same employer as Zaehring's husband. He and Zaehring became friends; he had visited her at the store, and

had also met her at a local park, where they discussed "a sexual engagement." She sometimes let him have things from the store without paying. Defendant also testified that he and Zaehring had planned together to steal money from the store. They had staged the mock "armed robbery" and had planned to divide the proceeds. On rebuttal, Zaehring denied any prior acquaintance with defendant.

Defendant was convicted of robbery with a dangerous weapon, and sentenced to a prison term of 146 to 185 months. He appeals from this judgment.

I.

**[1]** Defendant argues first that the trial court erred by failing to declare a mistrial in response to improper contact between a prosecution witness and a seated juror. We disagree.

At trial, Steve Byers, owner of the Grocery Boy Junior store that was robbed, testified concerning the store's security camera, the gun under the counter, and events occurring at the store on the morning of the robbery. His testimony was brief, and defendant did not cross-examine him. At some point after his testimony, Byers had a short conversation with one of the jurors. When he was questioned by the trial court about this, Byers testified that he had asked the juror, who was employed by a local newspaper, for advice on submitting articles for publication. He testified further that he had misunderstood the trial court's admonitions about not speaking with jurors; that the conversation was brief and entirely unrelated to the case; and that a second juror had been near enough to overhear their conversation. The two jurors were questioned by the trial court, and both stated that the brief conversation did not pertain to the case and would not influence their verdict. Defendant neither questioned the jurors, nor moved for a mistrial.

Defendant argues on appeal that the court erred by not declaring a mistrial. He alleges that Byers "was clearly [trying] to curry favor for himself with [the juror], . . . [and] may thereby have enhanced his credibility with that particular juror." He contends that the trial court "should have *ex mero motu* either declared a mistrial or, at a minimum, removed juror Blackwood in favor of an alternate."

N.C.G.S. § 15A-1061 (2001) provides that the trial court "must declare a mistrial *upon the defendant's motion* if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable

prejudice to the defendant's case." (emphasis added). However, in the instant case, because defendant failed to request a mistrial from the trial court, our review is limited to whether the court's failure to declare a mistrial constituted "plain error." *See* N.C.R. App. P. 10(c)(4) ("a question which was not preserved by objection noted at trial . . . nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error"); *State v. Ross*, 100 N.C. App. 207, 211, 395 S.E.2d 148, 150 (1990) (where "defendant failed to object or move for a mistrial based upon the court's remarks," this Court reviews only for plain error).

Moreover, defendant failed to allege plain error in his assignments of error. He has thus waived review even for plain error. *State v. Truesdale*, 340 N.C. 229, 456 S.E.2d 299 (1995) (where the defendant fails to allege plain error in his assignments of error, he "waive[s] his right to appellate review of [the] issue"). Notwithstanding defendant's failure to properly preserve this issue for review, in the interests of justice and pursuant to our authority under N.C.R. App. P. 2, we elect to review the merits of defendant's argument.

Plain error is "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or . . . grave error which amounts to a denial of a fundamental right of the accused[.]" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). "In order to prevail under a plain error analysis, a defendant must show: (1) there was error; and (2) without this error, the jury would probably have reached a different verdict." *State v. Smith*, 151 N.C. App. 29, 37-38, 566 S.E.2d 793, 799 (2002), *disc. review denied*, 356 N.C. 311, 571 S.E.2d 208 (2002) (citation omitted).

The trial court's ruling on a motion for mistrial generally "lies within the sound discretion of the trial court and will be reversed only upon a showing of a manifest abuse of discretion." *State v. Lippard*, 152 N.C. App. 564, 574-75, 568 S.E.2d 657, 664, (2002), *disc. review denied*, 356 N.C. 441, —— S.E.2d —— (2002). In the present case, there is no indication that Byers attempted to discuss the case with the juror. Both jurors assured the trial court that the short conversation would not affect their verdict. Moreover, Byers' testimony was not crucial to the State's case; indeed, defendant did not even cross-examine him. We conclude that there is no basis to suppose that, absent Byers' brief interaction with a juror, the result of the trial would have been different. We hold that the trial court did not com-

mit plain error by failing to declare a mistrial *ex moro motu* on this basis. Accordingly, this assignment of error is overruled.

## II.

**[2]** Defendant argues next that the trial court erred by failing to dismiss the charge against him for insufficient evidence. We disagree.

Upon a defendant's motion to dismiss criminal charges for insufficiency of the evidence, the trial court must consider the evidence "in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom." *State v. Gainey*, 343 N.C. 79, 85, 468 S.E.2d 227, 231 (1996). The trial court should deny the motion if the State has presented "substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Call*, 349 N.C. 382, 417, 508 S.E.2d 496, 518 (1998). "Evidence is considered substantial when 'a reasonable mind might accept [it] as adequate to support a conclusion.'" *State v. Craycraft*, 152 N.C. App. 211, 213, 567 S.E.2d 206, 208 (2002) (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)).

Defendant was charged with robbery with a dangerous weapon, in violation of N.C.G.S. § 14-87 (2001). "The elements of robbery with a dangerous weapon are: (1) the unlawful attempt to take or taking of personal property from a person or presence, (2) by use or threatened use of a firearm or other dangerous weapon, (3) whereby the life of the person is threatened or endangered." *State v. Gay*, 151 N.C. App. 530, 532, 566 S.E.2d 121, 124 (2002). Defendant alleges that "there was no substantial evidence that the defendant either endangered or threatened the life of Zaehring." Defendant correctly states that mere possession of a weapon is insufficient to support a conviction for robbery with a dangerous weapon. *State v. Gibbons*, 303 N.C. 484, 279 S.E.2d 574 (1981) (evidence insufficient that robbery occurred by the use or threatened use of weapon where victim was unconscious during robbery). However, in the instant case, Zaehring testified that defendant had a "black handled knife with a silver blade," and that "[h]e had already been here showing me his knife and he grabbed the door from me and pulled it back." When he came around behind the counter the defendant was "just holding it like it was pointing it (sic) this way, but not quite at me[.]" Zaehring also testified that when the defendant came behind the counter with his knife, that there was no other exit, or way for her to get out from behind the counter. Finally, Zaehring testified on rebuttal that she had opened the cash drawer "[b]ecause [she] feared for [her] life."

We conclude that Zaehring's testimony, even standing alone, was sufficient to submit to the jury the question of whether defendant had endangered or threatened her life by means of the use or threatened use of a knife. This assignment of error is overruled.

### III.

[3] Defendant's final argument is that the trial court erred by denying his motion for an instruction on misdemeanor larceny.

"A defendant 'is entitled to an instruction on lesser included offense[s] if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit.him of the greater.' " *State v. Leazer*, 353 N.C. 234, 237, 539 S.E.2d 922, 924 (2000) (quoting *Keeble v. United States*, 412 U.S. 205, 208, 36 L. Ed. 2d 844, 847 (1973)). However, the right to an instruction on a lesser included offense arises "only if there is evidence that the defendant might be guilty of the lesser[-included] offense." *State v. Collins*, 334 N.C. 54, 58, 431 S.E.2d 188, 191 (1993). Thus, "[i]f the State's evidence is clear and positive as to each element of the charged offense, and if there is no evidence of the lesser-included offense, there is no error in refusing to instruct on the lesser offense." *State v. Howie*, 116 N.C. App. 609, 613, 448 S.E.2d 867, 869 (1994) (citing *State v. Peacock*, 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985)).

Larceny is a lesser included offense of robbery with a dangerous weapon. *State v. White*, 322 N.C. 506, 514, 369 S.E.2d 813, 817 (1988) ("we hold that larceny is a lesser included offense of armed robbery"). Under N.C.G.S. § 14-72(a) (2001), "larceny of property, . . . where the value of the property or goods is not more than one thousand dollars ($1,000), is a Class 1 misdemeanor." In the present case, it was undisputed that defendant took $277 from the cash box, a misdemeanor amount. Defendant contends that there was evidence from which the jury could find that he committed misdemeanor larceny, and thus, that the trial court should have granted his request for an instruction on the offense.

Reduced to its essentials, the pertinent evidence was the following: Zaehring testified that she had no personal acquaintance with defendant, and that while she was on duty as a cashier for Grocery Boy Junior, the defendant robbed her at knifepoint. In contrast, defendant testified that he and Zaehring were friends; that they planned together to steal money from Grocery Boy Junior and

split it; and that the "armed robbery" was a fake, staged for the benefit of the video security camera. Thus, although defendant was indicted for armed robbery of Zaehring, the defendant testified that he had not robbed Zaehring, and that he and Zaehring jointly committed an entirely different crime—embezzlement, or larceny by employee—from the store, rather than from Zaehring. On this evidence, the trial court concluded that it could not instruct the jury on an offense that was neither charged in the indictment, nor was a lesser included offense of the offense for which defendant was indicted. We agree.

The defendant's testimony, if believed, did not establish a right to an instruction on misdemeanor larceny, but on aiding and abetting embezzlement or larceny by employee. Defendant was not charged with either of these, and "[i]t is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment. The allegations and the proof must correspond." *State v. Rhome*, 120 N.C. App. 278, 298, 462 S.E.2d 656, 670 (1995) (quoting *State v. Muskelly*, 6 N.C. App. 174, 176, 169 S.E.2d 530, 532 (1969)). We conclude that the trial court did not err by denying defendant's motion for jury instructions on the offense of misdemeanor larceny. Defendant's testimony did not establish his entitlement to such an instruction, and the indictment under which he was charged would not support such a conviction.

For the reasons discussed above, we conclude that defendant had a fair trial, free from prejudicial error, and that his conviction must be affirmed.

No error.

Judges GREENE and WYNN concur.