STATE OF NORTH CAROLINA v. SAMUEL CONNER LIDDELL

No. 7824SC679

(Filed 2 January 1979)

**Larceny § 4.2— ownership of property taken—no fatal variance**

In a prosecution for breaking and entering and larceny, there was no fatal variance between the indictments which charged that the property taken belonged to Lees-McRae College and the proof that the property actually belonged to Mackey Vending Company and ARA Food Services, since the evidence disclosed that Lees-McRae, though not the owner, was in lawful possession of the property at the time of the offense.

APPEAL by defendant from *David Smith, Judge.* Judgment entered 12 April 1978 in Superior Court, AVERY County. Heard in the Court of Appeals 14 November 1978.

In Case #2048 defendant was indicted for breaking and entering, larceny and receiving for a theft from the Student Center of Lees-McRae College on 16 November 1977. In Case #2053 he was indicted for breaking and entering, larceny and receiving for a theft from the same student center on 10 November 1977. Over defendant's objection the cases were consolidated for trial.

The State presented evidence that Steve Cummings, the manager of the Student Center at Lees-McRae College, went to the Student Center at about 8:30 a.m. on 10 November 1977 and found that the building had been broken into. The pinball machine and cigarette machine had been broken into, and cigarettes were missing. The cigarettes and money in the machine belonged to Mackey Vending Company. At about 10:30 a.m. on 17 November 1977 Cummings again found the building broken into. Three hundred forty-three dollars which was kept in an orange bag in the freezer was missing. Later a box of hamburger patties was found to be missing. ARA Food Services, Steve Cummings' employer, owned the $343.

Charles Link testified that he broke into the Student Center on 10 November with the defendant and that defendant took cigarettes and money from the cigarette machine and a box of hamburger patties from the refrigerator. On 16 November defendant again broke into the Student Center and came out with an orange NCNB bag.

Kevin Riley, a student at Lees-McRae, testified that the defendant had asked him to help break into the Student Center. On 15 November defendant was observed selling some cigarettes, and on 18 November a search of defendant's motel room revealed an NCNB bank bag, cigarettes and some coin wrappers. Defendant's car was searched on 19 November and a box "about 'ninety per cent full of hamburger patties'" was found.

Defendant testified that he had nothing to do with the break-ins, that he had no conversations with Kevin Riley regarding the break-ins, and that he never saw any orange money bag or any hamburger patties.

In Case #2048 defendant was found guilty of felonious breaking or entering and non-felonious larceny. In Case #2053 he was found guilty of felonious breaking or entering and felonious larceny. He was sentenced to five years in the first case and ten years in the second, to run consecutively, with the second sentence suspended for five years and with five years probation. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Kaye R. Webb, for the State.*

*William B. Cocke, Jr., for defendant appellant.*

ARNOLD, Judge.

The defendant contends that it was error for the two cases against him to be consolidated for trial. As he failed to renew his objection to the joinder at the close of all the evidence as G.S. 15A-927(a)(2) requires, we do not consider this contention.

Defendant also alleges a fatal variance between the second count of each indictment and the proof, which he says entitles him to a judgment as of nonsuit. The indictments charged the defendant with stealing "the property of Lees-McRae College under the custody of Steve Cummings." The evidence was, however, that the cigarettes and money taken in the first theft belonged to Mackey Vending Company and the money taken in the second theft belonged to ARA Food Services.

It is not always necessary that the indictment allege the actual owner. It is generally stated as the rule that no fatal variance exists when the indictment names an owner of the stolen

property and the evidence discloses that that person, though not the owner, was in lawful possession of the property at the time of the offense. *State v. Holley*, 35 N.C. App. 64, 239 S.E. 2d 853 (1978); *State v. Killian*, 14 N.C. App. 446, 188 S.E. 2d 529, rev'd on other grounds 282 N.C. 138, 191 S.E. 2d 699 (1972). Clearly Lees-McRae College was in lawful possession of the cigarettes, money and hamburger patties at the time they were stolen. It is sometimes said also that more than mere lawful possession is required; that the person holding the property must have a special property interest in it, as by being a bailee, *State v. Jenkins*, 78 N.C. 478 (1877), or a custodian, *State v. Robinette*, 33 N.C. App. 42, 234 S.E. 2d 28 (1977). Lees-McRae's custody of the property fits within the definition of a bailee. See 8 C.J.S. Bailments § 1. We find that there was no fatal variance between the indictment and the proof.

We note that the purposes of requiring an indictment to allege the ownership of the stolen property have been served here. The requirements are intended to "(1) inform defendant of the elements of the alleged crime, (2) enable him to determine whether the allegations constitute an indictable offense, (3) enable him to prepare for trial, and (4) enable him to plead the verdict in bar of subsequent prosecution for the same offense." *State v. Greene*, 289 N.C. 578, 586, 223 S.E. 2d 365, 370 (1976). We do not see how these purposes could have been better served had the indictments alleged ownership in Mackey Vending Company, and ARA Food Services.

No error.

Judges HEDRICK and VAUGHN concur.