STATE OF NORTH CAROLINA v. RODNEY GAINEY AND CURTIS HUNTLEY

No. 138A95

(Filed 4 April 1996)

1. **Homicide § 552 (NCI4th)— first-degree murder—refusal to charge on second-degree murder—premeditation and deliberation**

    The trial court did not err in a first-degree murder prosecution by refusing to instruct the jury on second-degree murder as to defendant Huntley where the State's evidence tended to show that defendants borrowed a car under false pretenses at a car wash, obtained two guns and several bullets, and waited for the victim; when the victim drove by, defendant Huntley said, "there's the truck," or "there's the son-of-a-bitch now"; defendants then chased down the victim and fired multiple shots into his truck, one of which struck him in the back of the head; there was no evidence that the victim provoked defendants before he was shot; defendant Huntley's statements indicate that he did not like the victim and was waiting for him; and, after the killing, defendant returned to the car wash as if nothing had happened. The State met its burden of proving all of the elements of first-degree murder (motive is not an element of first-degree murder) and defendant Huntley presented no evidence to negate the State's.

    **Am Jur 2d, Homicide §§ 485, 486.**

2. **Homicide § 552 (NCI4th)— first-degree murder—refusal to charge on second-degree murder—specific intent to murder**

    The trial court did not err in a first-degree murder prosecution as to defendant Gainey by not instructing on second-degree murder where the State's evidence showed that defendants engaged in a common plan to murder the victim; they borrowed a car, procured deadly weapons, and waited for the victim; there was evidence permitting an inference that defendant Gainey had

a weapon in that a witness testified that he saw someone give defendants two guns; and the fact that defendant Gainey drove the car instead of doing the actual shooting makes him no less culpable. The cumulative evidence permits a reasonable inference that the victim's fatal contact with defendant Gainey was planned and that defendant Gainey possessed a specific intent to murder the victim.

**Am Jur 2d, Homicide §§ 485, 486.**

**3. Criminal Law § 794 (NCI4th)— first-degree murder—discharging firearm into occupied property—instructions—acting in concert**

There was no plain error in a first-degree murder prosecution where the trial court instructed the jury that it could find defendant Gainey guilty of both first-degree murder by premeditation and deliberation and discharging a firearm into occupied property under the theory of acting in concert. The evidence presented and the inferences logically drawn therefrom show both that defendant Gainey engaged in a common plan with defendant Huntley to murder the victim and that defendant Gainey acted with premeditation and deliberation in carrying out the murder. Because evidence of either constitutes proof of specific intent, the instruction on acting in concert was proper.

**Am Jur 2d, Trial §§ 1362-1364.**

**4. Homicide § 244 (NCI4th); Assault and Battery § 81 (NCI4th)— first-degree murder—discharging firearm into occupied vehicle—motion to dismiss—properly denied**

The trial court did not err in a prosecution for first-degree murder and discharging a firearm into an occupied vehicle by denying defendant Gainey's motion to dismiss on the grounds that the State failed to present any evidence that he specifically intended to commit the crimes charged.

**Am Jur 2d, Homicide §§ 437-440.**

**Modern status of the rules requiring malice "aforethought," "deliberation," or "premeditation," as elements of murder in the first degree. 18 ALR4th 961.**

**5. Evidence and Witnesses §§ 928, 931 (NCI4th)— exclamation that defendant had a gun—excited utterance—present sense impression**

The trial court did not err in a prosecution for first-degree murder and discharging a firearm into an occupied vehicle by overruling defendant Huntley's objection to allowing a witness to state that another person exclaimed "he had a gun." The statement was properly admitted as an excited utterance under N.C.G.S. § 8C-1, Rule 803(2), or as a present sense impression pursuant to N.C.G.S. § 8C-1, Rule 803(1).

**Am Jur 2d, Evidence §§ 864, 865.**

**Comment Note.—Spontaneity of declaration sought to be admitted as part of res gestae as question for court or ultimately for jury. 56 ALR2d 372.**

**Admissibility in criminal case, as part of the res gestae, of statements or utterances of bystanders made at time of arrest. 78 ALR2d 300.**

**When is hearsay statement an "excited utterance" admissible under Rule 803(2) of the Federal Rules of Evidence. 48 ALR Fed. 451.**

Appeal of right pursuant to N.C.G.S. § 7A-27(a) from judgments imposing sentences of life imprisonment entered by Helms (William H.), J., at the 29 August 1994 Criminal Session of Superior Court, Union County, upon verdicts finding the defendants guilty of first-degree murder. Defendants' motions to bypass the Court of Appeals as to additional judgments of imprisonment entered upon their convictions for discharging firearms into an occupied vehicle were allowed 29 March 1995. Heard in the Supreme Court 15 December 1995.

*Michael F. Easley, Attorney General, by Elizabeth R. Mosley, Assistant Attorney General, for the State.*

*Charles B. Brooks, II, for defendant-appellant Gainey.*

*Robert L. Huffman for defendant-appellant Huntley.*

WHICHARD, Justice.

Defendants were tried jointly and noncapitally for first-degree murder and for discharging a firearm into an occupied vehicle. The

jury found both defendants guilty on both charges. The trial court sentenced each defendant to a mandatory term of life imprisonment on the murder convictions and sentenced defendants to three years' imprisonment for discharging a firearm into occupied property, to run concurrently with the murder sentences. We hold that defendants received a fair trial, free from prejudicial error.

The State's evidence at trial tended to show that on the evening of 15 November 1993, defendants Curtis Huntley and Rodney Gainey borrowed a blue Honda Prelude from Fred Marsh, ostensibly to visit some girls. Instead, they drove to the Rite-Way Carwash. Jimmy Taylor saw someone at the car wash give defendants two guns. Christopher Blakeney gave defendant Huntley four or five bullets, and he saw defendant Huntley shoot what he believed was a .38-caliber revolver in the air.

According to Taylor, a red truck passed the car wash, and defendant Huntley said, "there's the truck," or "there's the son-of-a-bitch now." Defendants got into the Prelude, with defendant Huntley sitting in the front passenger seat, and chased the red truck up a hill. Jeffrey Sanders, defendant Huntley's cousin, saw the Prelude go past him, with defendant Huntley leaning out the window and something flashing in his hand. At that time Ruddy (record does not reveal full name), a passenger in Sanders' car, said defendant Huntley had a gun.

Immediately thereafter, Blakeney saw the flash from a gun from the passenger side of the Prelude; he then saw the red truck rolling. Moments later, defendants returned to the car wash in the Prelude. Vadia Blakeney then saw defendant Huntley holding a "black object" at his waistline.

The driver of the truck, Michael Alton Greene, was found inside the truck, shot in the head. He died from the gunshot wound. SBI Agent Bobby Bonds investigated the scene the next day and removed spent bullets from the door and tailgate of the truck. Agent Bonds also took latent fingerprints from the Prelude. Seven of the prints were defendant Gainey's.

[1] Both defendants contend that the trial court erred by refusing to charge the jury on second-degree murder. The unlawful killing of a human being committed during the commission of a felony or with malice, premeditation, and deliberation is murder in the first degree. N.C.G.S. § 14-17 (1993); *State v. Bonney*, 329 N.C. 61, 77, 405 S.E.2d 145, 154 (1991). A killing is "premeditated" if "the defendant formed

the specific intent to kill the victim some period of time, however short, before the actual killing." *Bonney*, 329 N.C. at 77, 405 S.E.2d at 154. A killing is "deliberate" if the defendant acted "in a cool state of blood, in furtherance of a fixed design for revenge or to accomplish an unlawful purpose and not under the influence of a violent passion, suddenly aroused by lawful or just cause or legal provocation." *Id.* Second-degree murder is the unlawful killing of a human being with malice but without premeditation and deliberation. N.C.G.S. § 14-17; *State v. Downey*, 253 N.C. 348, 353, 117 S.E.2d 39, 43 (1960).

Where a defendant is charged with premeditated and deliberate first-degree murder, an instruction on the lesser-included offense of second-degree murder need be given "only if the evidence, reasonably construed, tended to show lack of premeditation and deliberation or would permit a jury to rationally find defendant guilty of the lesser offense and acquit him of the greater." *State v. Strickland*, 307 N.C. 274, 287, 298 S.E.2d 646, 654 (1983), *modified on other grounds by State v. Johnson*, 317 N.C. 193, 344 S.E.2d 775 (1986).

> The determinative factor is what the State's evidence tends to prove. If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense of murder in the first degree, including premeditation and deliberation, and there is *no* evidence to negate these elements . . ., the trial judge should properly exclude from jury consideration the possibility of a conviction of second degree murder.

*Strickland*, 307 N.C. at 293, 298 S.E.2d at 668.

Defendant Huntley contends that the failure to instruct on second-degree murder was error because the State failed to prove premeditation and deliberation, because an inference may rationally be drawn from the State's evidence tending to show murder in the second degree, and because there is evidence to support a verdict of second-degree murder. We disagree.

The State's evidence tended to show that defendants borrowed a car under false pretenses, obtained two guns and several bullets at the car wash, and waited for the victim. When the victim drove by, defendant Huntley said, "there's the truck," or "there's the son-of-a-bitch now." Defendants then chased down the victim and fired multiple shots into his truck, one of which struck him in the back of the head. There was no evidence that the victim provoked defendants before defendant Huntley shot him. Defendant Huntley's statements

indicate that he did not like the victim and was waiting for him. After the killing, defendants returned to the car wash as if nothing had happened. The State's evidence thus sufficiently proved premeditation and deliberation by the defendants in the murder of Greene.

Defendant Huntley insists that the lack of evidence indicating a motive for the killing creates the inference that the victim's death was an unlawful killing with malice but without premeditation and deliberation, thereby requiring an instruction on second-degree murder. Motive, however, is not an element of first-degree murder. *State v. Van Landingham*, 283 N.C. 589, 600, 197 S.E.2d 539, 546 (1973). The State met its burden of proving all the essential elements of first-degree murder, and defendant Huntley presented no evidence to negate the State's. Therefore, the trial court properly refused to instruct on second-degree murder.

[2] Defendant Gainey argues that it was error for the trial court not to instruct on second-degree murder because there was no evidence that he had the specific intent to kill. Because a specific intent to kill is a necessary constituent of the elements of premeditation and deliberation, proof of premeditation and deliberation is also proof of intent to kill. *State v. Lowery*, 309 N.C. 763, 768, 309 S.E.2d 232, 237 (1983). As noted, the State's evidence showed that defendants engaged in a common plan to murder the victim. They borrowed a car, procured deadly weapons, and waited for the victim. There was evidence permitting an inference that defendant Gainey had a weapon, in that a witness testified that he saw someone give defendants two guns. The fact that defendant Gainey drove the car instead of doing the actual shooting makes him no less culpable. The cumulative evidence permits a reasonable inference that the victim's fatal contact with defendant Gainey was planned and that defendant Gainey possessed a specific intent to murder the victim. Therefore, defendant Gainey was not entitled to an instruction on second-degree murder. Both defendants' assignments of error are therefore overruled.

[3] In a related assignment, defendant Gainey asserts that the trial court erred by instructing the jury that it could find defendant Gainey guilty, under the theory of acting in concert, of both first-degree murder by premeditation and deliberation and discharging a firearm into occupied property. Relying on *State v. Blankenship*, 337 N.C. 543, 447 S.E.2d 727 (1994), defendant Gainey argues that the instruction as

given allowed him to be convicted of each crime without a showing that he possessed the requisite specific intent.

Under the principle of acting in concert, a defendant "may be found guilty of an offense if he is present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." *State v. Wilson*, 322 N.C. 117, 141, 367 S.E.2d 589, 603 (1988). A defendant who possesses the requisite intent may be found guilty of a specific-intent crime based on acting in concert even if the other person did all of the acts necessary to the commission of the crime. *Blankenship*, 337 N.C. at 557-58, 447 S.E.2d at 736. Specific intent may be proven by evidence tending to show either (1) that the specific-intent crime was part of a common plan, *State v. Joyner*, 297 N.C. 349, 358, 255 S.E.2d 390, 396 (1979); or (2) premeditation and deliberation, which is proof of intent to kill, *Lowery*, 309 N.C. at 768, 309 S.E.2d at 237.

Defendant Gainey did not object to the instruction at trial, so we review only for plain error. *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). The evidence presented and the inferences logically drawn therefrom show both that defendant Gainey engaged in a common plan with defendant Huntley to murder Greene and that defendant Gainey acted with premeditation and deliberation in carrying out the murder. Because evidence of either constitutes proof of specific intent, the trial court's instruction on acting in concert was proper.

[4] Defendant Gainey also argues that the trial court erred by denying his motion to dismiss because the State failed to present any evidence that he specifically intended to commit the crimes charged. In considering a motion to dismiss, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Bright*, 301 N.C. 243, 257, 271 S.E.2d 368, 377 (1980). The test of whether the evidence is sufficient to withstand a motion to dismiss is whether a reasonable inference of defendant's guilt may be drawn therefrom, and the test is the same whether the evidence is direct or circumstantial. *Id.* If any evidence reasonably tends to show that defendant formed the specific intent to kill the victim and that this intention to kill was preceded by premeditation and deliberation, the denial of defendant's motion was proper. *Lowery*, 309 N.C. at 767-69, 309 S.E.2d at 236-38.

Applying the foregoing principles, we conclude that there was substantial evidence of each essential element of murder in the first degree and of defendant Gainey's specific intent to kill. We need not reiterate the State's evidence; evidence that supported the trial court's instruction on first- rather than second-degree murder, as well as the instruction on acting in concert, also required the denial of defendant's motion to dismiss. Therefore, the trial court did not err in denying defendant Gainey's motion to dismiss.

[5] Finally, defendant Huntley contends that the trial court improperly overruled his objection to allowing a witness to state that another person exclaimed "he had a gun." At trial Sanders testified that Ruddy, a passenger in Sanders' car, said: "[H]e [defendant Huntley] had a gun." Defendant Huntley argues that the statement was inadmissible hearsay and that its admission violated his constitutional rights of confrontation and cross-examination.

Evidence which falls within a firmly rooted hearsay exception does not violate a defendant's right to confront and cross-examine witnesses. *State v. Stager*, 329 N.C. 278, 317, 406 S.E.2d 876, 898 (1991); *State v. Roper*, 328 N.C. 337, 359, 402 S.E.2d 600, 618, *cert. denied*, 502 U.S. 902, 116 L. Ed. 2d 232 (1991). We conclude that the statement here was properly admitted as an excited utterance under N.C.G.S. § 8C-1, Rule 803(2), or as a present sense impression pursuant to N.C.G.S. § 8C-1, Rule 803(1).

A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is admissible as an exception to the hearsay rule, whether or not the declarant is available as a witness. N.C.G.S. § 8C-1, Rule 803(2) (1992). Ruddy and Sanders were pulling up to a store when defendants raced by them in the Prelude, nearly sideswiping them, with defendant Huntley hanging out the passenger window with a gun in his hand. Ruddy's statement, "he had a gun," was a spontaneous reaction that occurred while he was under the stress of this startling experience without opportunity to reflect on what the declarant was seeing or to fabricate his statement before speaking. Hence, Sanders' testimony regarding the statement fits squarely within the excited utterance exception to the hearsay rule and was properly admitted.

The statement was likewise admissible as a present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or

CRAVEN COUNTY BD. OF EDUCATION v. BOYLES

[343 N.C. 87 (1996)]

immediately thereafter, is admissible as an exception to the hearsay rule whether or not the declarant is available as a witness. N.C.G.S. § 8C-1, Rule 803(1). The underlying theory of the present sense impression exception is that closeness in time between the event and the declarant's statement reduces the likelihood of deliberate or conscious misrepresentation. *See State v. Maness*, 321 N.C. 454, 459, 364 S.E.2d 349, 351 (1988) (nine days not considered "immediately thereafter"). Here, Ruddy's statement that defendant "had a gun" was made simultaneously with the occurrence of the event—that is, immediately upon his seeing the gun—and therefore falls within this exception. Defendant Huntley's assignment of error is therefore overruled.

We conclude that both defendants received a fair trial, free from prejudicial error.

NO ERROR.