STATE v. LANE

[344 N.C. 618 (1996)]

---

STATE OF NORTH CAROLINA v. ANDRICK LAMONT LANE

No. 90A96

(Filed 11 October 1996)

## 1. Homicide § 255 (NCI4th)— first-degree murder—sufficient evidence of premeditation and deliberation

There was sufficient evidence of premeditation and deliberation by defendant to support the submission to the jury of an issue as to defendant's guilt of first-degree murder where the evidence tended to show that defendant was armed with a gun; witnesses heard him say, "Let's go shoot up the project boys" as he rode his bicycle down the street toward the victim; after approaching the victim and shooting him two times, defendant inflicted three more gunshot wounds as the victim lay on the ground begging for his life; two of the wounds were to the victim's head; and there was no evidence that the victim provoked, spoke to, or threatened defendant in any way prior to the shooting.

**Am Jur 2d, Homicide § 439.**

**Homicide: presumption of deliberation or premeditation from the fact of killing. 86 ALR2d 656.**

**Homicide: presumption of deliberation or premeditation from the circumstances attending the killing. 96 ALR2d 1435.**

## 2. Homicide § 552 (NCI4th)— first-degree murder—instruction on second-degree murder not required

The trial court in a first-degree murder prosecution did not err by refusing to instruct the jury on second-degree murder where the State offered evidence that the murder was premeditated and deliberate, and defendant offered no evidence to negate those elements but simply denied that he was the perpetrator.

**Am Jur 2d, Homicide § 482 et seq.**

**Homicide: presumption of deliberation or premeditation from the fact of killing. 86 ALR2d 656.**

**Homicide: presumption of deliberation or premeditation from the circumstances attending the killing. 96 ALR2d 1435.**

Appeal of right pursuant to N.C.G.S § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Brown (Frank R.), J., on 14 November 1995 in Superior Court, Edgecombe County, on a jury verdict finding defendant guilty of first-degree murder. Heard in the Supreme Court 11 September 1996.

*Michael F. Easley, Attorney General, by Teresa L. Harris, Associate Attorney General, for the State.*

*Edward B. Simmons for defendant-appellant.*

WHICHARD, Justice.

Defendant was tried noncapitally and convicted of the first-degree murder of Donald Ray Avent. The trial court imposed the mandatory sentence of life imprisonment without parole. N.C.G.S. § 14-17 (Supp. 1995). Defendant appeals from his conviction and sentence. We find no prejudicial error.

The State's evidence tended to show that on the night of 9 August 1995, defendant and two other individuals were riding bicycles along Hargrove Street in Rocky Mount. At the same time, Donald Avent was talking with Tiffany Richardson on nearby Daughtridge Street. Witnesses overheard defendant say, "Let's go shoot up the project boys." A few minutes later, defendant rode his bicycle down Daughtridge Street toward the location where Richardson and Avent had been talking. By that time, the conversation between Avent and Richardson had ended. Richardson had begun walking in the direction of Hargrove Street, and Avent had begun riding his bicycle down Daughtridge Street in the opposite direction. Defendant rode his bicycle past Richardson in the direction of Avent. When he approached Avent, he stopped his bicycle and fired two shots. Avent fell to the ground. Witnesses overheard Avent saying, "Don't shoot me. It won't me. It won't me. Don't kill me. I didn't have anything to do with it." Defendant fired additional shots, and witnesses ran to call the police. Rocky Mount police officers found Avent dead at the scene.

A short while later defendant, again riding his bicycle, approached the scene, where a crowd had gathered around Avent's

body. Police stopped defendant and prohibited him from entering the area, whereupon defendant left. Subsequently, Richardson, who had known defendant for six years, and Devita Harden, a witness who had known defendant for four years, made statements to police officers identifying defendant as the shooter. Defendant was arrested on the basis of those statements.

Defendant made no statement while in custody but testified on his own behalf at trial. He stated that on the night in question, he and some friends had been drinking at a friend's house. His cousin had left the house, and defendant had heard several gunshots shortly thereafter. He became concerned about his cousin and decided to ride his bicycle in the direction of the gunshots, where he saw a crowd gathering on the street. Defendant testified that after police refused to allow him to approach the scene, he left and located his cousin. Defendant denied ever having said that he was going to shoot a "project boy," and he denied that he shot Avent.

The State's rebuttal witness, Artayia Cooper, testified that during the early evening before the shooting, defendant had a gun in his possession and was wearing clothing that matched the witnesses' descriptions of the clothing the shooter had worn. Cooper saw defendant riding his bicycle toward the area where Avent was shot and heard gunshots within a minute after defendant had turned the corner on his bicycle. After the shooting, Cooper saw defendant again and noticed that defendant had changed his clothes.

At the end of the State's evidence and again at the conclusion of all the evidence, defendant moved that the charge of first-degree murder be dismissed for lack of evidence to support premeditation and deliberation. The trial court denied the motions; it also denied defendant's request for a jury instruction on second-degree murder.

[1] Defendant assigns as error the trial court's denial of his motion to dismiss the charge of first-degree murder. The unlawful killing of a human being committed with premeditation and deliberation is murder in the first degree. N.C.G.S. § 14-17; *State v. Gainey*, 343 N.C. 79, 82, 468 S.E.2d 227, 229 (1996). A killing is "premeditated" if "the defendant formed the specific intent to kill the victim some period of time, however short, before the actual killing." *State v. Bonney*, 329 N.C. 61, 77, 405 S.E.2d 145, 154 (1991). A killing is "deliberate" if the defendant acted "in a cool state of blood, in furtherance of a fixed design for revenge or to accomplish an unlawful purpose and not

under the influence of a violent passion, suddenly aroused by lawful or just cause or legal provocation." *Id.*

Defendant argues that there was insufficient evidence of premeditation and deliberation. In considering a motion to dismiss, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Bright*, 301 N.C. 243, 257, 271 S.E.2d 368, 377 (1980). Thus, if there was any evidence reasonably tending to show that defendant formed the specific intent to kill the victim and that this intention was preceded by premeditation and deliberation, the denial of defendant's motion to dismiss was proper. *Gainey*, 343 N.C. at 85, 468 S.E.2d at 231.

Viewed in the light most favorable to the State, the evidence was clearly sufficient to establish that defendant acted with premeditation and deliberation. Defendant was armed with a gun. As he rode his bicycle down the street toward the victim, witnesses heard him say, "Let's go shoot up the project boys." There was no evidence that the victim provoked, spoke to, or threatened defendant in any way. After approaching the victim and shooting him two times, defendant inflicted three more gunshot wounds as the victim lay on the ground begging for his life. Two of the wounds were to the victim's head. This evidence raises a reasonable inference that defendant made a premeditated and deliberate decision to kill the victim. This assignment of error is therefore overruled.

[2] In his next assignment of error, defendant contends that the trial court committed reversible error when it denied his request for an instruction on second-degree murder. Second-degree murder is the unlawful killing of a human being with malice but without premeditation and deliberation. N.C.G.S. § 14-17; *Gainey*, 343 N.C. at 83, 468 S.E.2d at 230. Although defendant denies having committed the offense, he nevertheless contends that the State's evidence would reasonably support an inference that the homicide, if he committed it, was done without premeditation and deliberation. Thus, he argues that the trial court should have instructed the jury on second-degree murder.

If the evidence satisfies the State's burden of proving each element of first-degree murder, including premeditation and deliberation, and there is no evidence to negate these elements other than defendant's denial, the trial court should exclude second-degree murder from the jury's consideration. *State v. Conner*, 335 N.C. 618, 634-

WILLIAMS v. BLALOCK PAVING

[344 N.C. 622 (1996)]

35, 440 S.E.2d 826, 835 (1994). Defendant has failed to point to any evidence which would support a second-degree murder conviction. We need not reiterate the State's evidence; the same evidence that required the denial of defendant's motion to dismiss also supports the refusal to instruct on second-degree murder. The State offered evidence that the murder was premeditated and deliberate, and defendant offered no evidence to negate these elements. Instead, he simply denied that he was the perpetrator. The trial court's refusal to give the second-degree murder instruction thus was proper. This assignment of error is overruled.

For the foregoing reasons, we conclude that defendant received a fair trial, free of prejudicial error.

NO ERROR.