STATE OF NORTH CAROLINA v. MARK LYNN CRAYCRAFT

No. COA01-1084

(Filed 6 August 2002)

**1. Larceny— fatal variance in indictment—property of evicted tenant stolen—no possessory interest in landlord**

The trial court erred by not dismissing a felony larceny charge for a fatal variance between the indictment and the evidence where the indictment alleged that defendant had taken items belonging to the landlord of a mobile home from which defendant's father had been evicted, but the evidence was that the items belonged to defendant's father. No civil ejectment documents were introduced into evidence and the landlord did not have any special possessory interest in the items, although he was maintaining them for his former tenant.

**2. Burglary and Unlawful Breaking or Entering— underlying larceny charge dismissed—no evidence of intent—misdemeanor breaking or entering**

A conviction for felonious breaking or entering could not stand where defendant's felonious larceny charge should have been dismissed and the State presented no evidence that defendant entered the mobile home with the intent to commit a felony or larceny. The case was remanded for sentencing for misdemeanor breaking or entering.

**3. Sentencing— restitution—ownership of stolen items**

The trial court erred in part by ordering restitution from a defendant who broke into a trailer from which his father had been ejected and took a table and chairs. The table and chairs did not belong to the landlord and he was not the aggrieved party to be compensated for the loss. However, the amount attributable to damage to the mobile home was proper.

Appeal by defendant from judgments entered 15 March 2000 by Judge Orlando Hudson in Wake County Superior Court. Heard in the Court of Appeals 16 May 2002.

*Attorney General Roy A. Cooper, by William M. Polk, for the State.*

*John T. Hall for defendant.*

STATE v. CRAYCRAFT

[152 N.C. App. 211 (2002)]

TIMMONS-GOODSON, Judge.

On 15 March 2000, a jury found Mark Lynn Craycraft ("defendant") guilty of felony breaking and entering and felony larceny. For the reasons stated herein, we reverse the judgment of the trial court.

At trial the State presented evidence tending to show the following: Defendant's father rented a mobile home from Joe Montague ("Montague") until he defaulted on his rental payments. Montague explained that he took steps to evict defendant's father for failure to pay rent; however, no civil ejectment documents were offered into evidence. Montague stated that he, "gave [defendant's father] seven days to get his stuff out or the place would be locked up. He didn't do that. Sheriff came out, went down, put the signs in the windows and we changed the locks on the doors" to secure the mobile home. Defendant's father thereafter contacted Montague in his attempts to retrieve his property from the mobile home. Montague testified:

> [Defendant's father] called out there 20 minutes to seven on a Friday night and wanted to know would we come go down there and unlock his trailer for him and get his stuff out. He was going to go and rent a U-Haul truck. And I said well when you get here with the truck we'll call the law. Now if it's after 7:00 I'll be gone. So never heard nothing else from him.

> About two weeks later he called me again and asked about the same thing. . . . Never heard another word with him. He never came back with the truck and never came back to my knowledge.

The State presented further evidence by Yvonne DeBord Driver ("Driver"), an employee of Montague, who testified that on 1 November 1998, she saw "that somebody had broke [sic] into the mobile home and that the table was gone." After calling Montague to inform him of the break-in, she resecured the mobile home. At that point, she observed defendant on a path behind the mobile home. The next day, Driver encountered defendant riding a bicycle on the property. She returned to the office and informed Montague's wife that she had seen defendant. Mrs. Montague followed defendant out of the mobile home park and down the road to another mobile home, the backyard of which abutted the rear of defendant's father's former mobile home. Driver subsequently identified defendant to sheriff's deputies who arrested him. At the close of the State's evidence, defendant made a motion to dismiss based on the insufficiency of the

evidence which was denied. Defendant then presented evidence tending to show an alibi.

The trial court sentenced defendant to suspended consecutive sentences of eight to ten months, with supervised probation for thirty-six (36) months, and ordered defendant to pay restitution in the amount of $400.00 for the table and chairs and $150.00 to compensate for the damage to the mobile home. From this sentence, defendant appeals.

---

Defendant presents two issues on appeal: (1) whether the trial court erred in denying the motion to dismiss the charge of felony larceny and (2) whether the trial court erred in ordering defendant to pay restitution to Montague.

On a motion to dismiss, the trial court must consider the evidence "in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom." *State v. Gainey*, 343 N.C. 79, 85, 468 S.E.2d 227, 231 (1996). "In ruling on a motion to dismiss, the trial court need only determine whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Call*, 349 N.C. 382, 417, 508 S.E.2d 496, 518 (1998), *cert. denied*, 122 S. Ct. 628, 151 L. Ed. 2d 548 (2001). Evidence is considered substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The motion to dismiss should be denied if there is substantial evidence supporting a finding that the offense charged was committed. *See State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).

[1] Defendant argues that the trial court erred in failing to dismiss the felony larceny charge because of the existence of a fatal variance between the indictment and the evidence at trial. We agree.

In a larceny case, the indictment must allege that the person from whom the property was taken had a property interest in the stolen property. *State v. Greene*, 289 N.C. 578, 584, 223 S.E.2d 365, 369 (1976). The State may prove ownership by introducing evidence that the person either possessed title to the property or had a special property interest. *Id.* If the indictment fails to allege the existence of a person with title or special property interest, then the indictment contains a fatal variance. *State v. Salters*, 137 N.C. App. 553, 555, 528 S.E.2d 386, 389 (2000), *cert. denied*, 352 N.C. 361, 544 S.E.2d 556 (2000).

In the instant case, the evidence showed that the table and chairs were the personal property of defendant's father. No evidence was presented to show that they belonged to Montague as alleged in the indictment. On the contrary, Montague testified that the table and chairs belonged to defendant's father. Defendant's father made two separate unsuccessful attempts to collect his property from Montague. As a landlord, Montague did not have any special possessory interest in the table and chairs, although he was maintaining them for his former tenant, pursuant to sections 42-25.9 and 42-36.2 of the North Carolina General Statutes. *See* N.C. Gen. Stat. § 42-25.9(g) (2001) (stating that a landlord may dispose of former tenant's personal property after being placed in lawful possession by execution of a writ of possession) and N.C. Gen. Stat. § 42-36.2 (2001) (pertaining to storage of evicted tenant's personal property). Given the absence of civil ejectment documents, the record lacks substantial evidence that defendant's father had been evicted. Moreover, although under section 42-25.9(g) "[t]en days after being placed in lawful possession by execution of a writ of possession, a landlord may throw away, dispose of, or sell all items of personal property," there was no evidence that Montague had obtained a writ of possession. N.C. Gen. Stat. § 42-25.9(g). Even if the record contained civil ejectment documents, a landlord does not have special possessory interest in tenant's personalty, the way that, for example, a parent does over their child's possessions, *see State v. Robinette*, 33 N.C. App. 42, 46, 234 S.E.2d 28, 30 (1977), or a bailee does, *see State v. Liddell*, 39 N.C. App. 373, 375, 250 S.E.2d 77, 79 (1979), *cert. denied*, 297 N.C. 178, 254 S.E.2d 36 (1979). Furthermore, even a caretaker in actual possession does not have a special interest in the property. *See Salters*, 137 N.C. App. at 556, 528 S.E.2d at 389.

As there was insufficient evidence that Montague had any possessory interest in the table and chairs, the indictment contained a fatal variance. Because of the fatal variance between the indictment and the evidence, we conclude that the trial court erred in denying defendant's motion to dismiss the charge of felony larceny.

[2] Given our conclusion that the trial court erred in denying defendant's motion to dismiss the charge of felony larceny, defendant's conviction of felonious breaking and entering cannot stand. "Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat. § 14-54(a) (2001). The State presented no evidence that defendant entered the mobile home with the intent to commit a

felony or larceny. Instead, there is evidence that defendant commit-ted wrongful breaking and entering, a Class 1 misdemeanor. *See* N.C. Gen. Stat. § 14-54(b) (2001).

**[3]** By his second assignment of error, defendant argues that the trial court erred in ordering restitution. We agree in part with defendant. As we have already concluded, the table and chairs, personal prop-erty valued at $400.00, did not belong to Montague. As such, he was not a victim of larceny as an "aggrieved party" to be compensated "for the damage or loss caused by the defendant arising out of the offense or offenses committed by defendant." N.C. Gen. Stat. § 15A-1343(d) (2001). Therefore, the trial court erred in ordering defendant to pay Montague restitution in the amount of $400.00 for loss of personal property. The $150.00 attributable to defendant's damage to the mobile home, however, is proper and must stand on remand.

In conclusion, we hold that the trial court erred in denying defendant's motion to dismiss the charge of felony larceny and in ordering restitution for the value of the personal property. Moreover, the trial court erred in failing to dismiss the charge of felony breaking and entering.

We therefore vacate defendant's convictions of felony breaking and entering and felony larceny and remand for sentencing on misde-meanor breaking and entering.

Reversed and remanded.

Judges CAMPBELL and LEWIS concur.