STATE OF NORTH CAROLINA
v.
WILLIAM TODD GADDY.
No. COA06-1561
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Sharon Patrick-Wilson, for the State.
Jones, Free & Knight, PLLC, by Walter L. Jones, for defendant-appellant. (Defendant-appellant's brief was filed by Walter L. Jones who was allowed to withdraw as counsel of record on 26 July 2007. Kenneth A. Free, Jr. was allowed to be substituted as counsel of record on 26 July 2007.)
HUNTER, Judge.
William Todd Gaddy ("defendant") appeals from the trial court's entry of judgment based on a jury verdict of guilty on a charge of possession with intent to manufacture, sell, or deliver methamphetamine. After careful review, we find no error.
On 22 July 2003, Guilford County Deputy Sheriff Kevin Wallace ("Deputy Wallace") was on routine patrol in southern Guilford County. He noticed a blue Thunderbird matching the description of a car he had been told to look out for, and upon running a check on the car's plates found they were invalid. At that point, Deputy Wallace pulled the car, driven by defendant, over to the side. Defendant produced a driver's license that Deputy Wallace's check revealed to be revoked. At that point, Deputy Wallace put defendant under arrest. Incident to the arrest, he searched defendant, who produced a wallet containing two small plastic bags that were later found to contain residue of methamphetamine.
Deputy Wallace handcuffed defendant, placed him in the back of the police car, and began searching the vehicle. When Deputy Wallace stuck his head inside the vehicle, he encountered a "pungent smell which brought [him] right back out of the vehicle." When he backed out of the car, he noticed that defendant was beating his head against the right rear window of his police car, apparently to get the deputy's attention. Deputy Wallace testified that, as he approached the police car, defendant asked him not to search the trunk of his car because in it was a five-gallon bucket of ammonia.
The same day, a search warrant was executed at defendant's home, where the following evidence was found: A spoon bearing methamphetamine residue; a jar containing both methamphetamine and a precursor chemical for its production; a weight scale; pieces of foil; glass jars; muriatic acid; coffee filters; pieces of tubing; gas masks; solvent containers; camping fuel; funnels; and other items. Ann Hamlin, a forensic chemist with the State Bureau of Investigation, testified to the discovery of these items; she also testified that the items were indicia of methamphetamine production. She further testified that the ammonia found indefendant's trunk was anhydrous ammonia, used in the manufacture of methamphetamine.
At the close of evidence, defendant made a motion to dismiss the charge of possession with intent to manufacture, sell, or distribute, which was denied. A jury returned a verdict of guilty on this charge along with several other charges related to this incident. Defendant appeals only this conviction.
Defendant's sole argument is that the trial court's denial of his motion to dismiss the charge of possession with intent to manufacture, sell, or deliver methamphetamine enabled the jury to render a verdict unsupported by the evidence. This argument is without merit.
In considering a motion to dismiss, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. The test of whether the evidence is sufficient to withstand a motion to dismiss is whether a reasonable inference of defendant's guilt may be drawn therefrom, and the test is the same whether the evidence is direct or circumstantial.
State v. Gainey, 343 N.C. 79, 85, 468 S.E.2d 227, 231 (1996) (internal citation omitted). When a trial court
consider[s] a motion to dismiss, "[i]f the trial court determines that a reasonable inference of the defendant's guilt may be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence."
State v. Alexander, 337 N.C. 182, 187, 446 S.E.2d 83, 86 (1994) (alteration in original; emphasis omitted) (quoting State v. Smith, 40 N.C. App. 72, 79, 252 S.E.2d 535, 540 (1979)).
Defendant was convicted of violating N.C. Gen. Stat. § 90-95(a)(1) (2005), which makes it unlawful for any person "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance[.]" "Manufacture" is defined by N.C. Gen. Stat. § 90-87(15) (2005) as the production, preparation, propagation, compounding, conversion, or processing of a controlled substance by any means, whether directly or indirectly, artificially or naturally, or by extraction from substances of a natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis; and "manufacture" further includes any packaging or repackaging of the substance or labeling or relabeling of its container[.]
In its instructions to the jury on the charge of manufacturing methamphetamine, the trial court stated: "Operating a lab used to produce methamphetamine would be manufacture of a controlled substance." Defendant argues that because the trial court failed to read the entire statutory definition written above, the jury's verdict of guilty was based on an incorrect understanding of the law. This argument is without merit.
The offense described in N.C. Gen. Stat. § 90-95(a)(1) has three elements: "(A) possession of a substance; (B) the substance must be a controlled substance; and (C) there must be intent to sell [or manufacture] the controlled substance." State v. Fletcher, 92 N.C. App. 50, 55, 373 S.E.2d 681, 685 (1988). Defendant does not dispute possession of the substance or that it was a controlled substance. As to the third element, this Court has previously held that, where copious evidence is presented that defendant was involved in the production of a controlled substance, the State need not prove intent to distribute the substance to obtain a conviction under N.C. Gen. Stat. § 90-95(a)(1). See State v. Muncy, 79 N.C. App. 356, 363, 339 S.E.2d 466, 470 (1986). Given the evidence presented at trial, such is the case here: In considering all the evidence in the light most favorable to the State, all three elements of this offense were proven at trial.
No error.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).