STATE OF NORTH CAROLINA v. ANTHONY JEROME LEE

No. COA10-1263

(Filed 19 July 2011)

**1. Appeal and Error— selection—juror's comments—issue not preserved—no prejudice**

Defendant's argument that the trial court erred in an armed robbery case by not declaring a mistrial on its own motion based upon statements made by a potential juror during jury selection was dismissed. The issue was not preserved at trial and was not subject to plain error review. Even assuming *arguendo* that defendant properly preserved this issue for appellate review, his argument failed because he was unable to demonstrate prejudice.

**2. Robbery— armed robbery—jury instructions—doctrine of recent possession—sufficient evidence—instruction proper**

The trial court did not err in an armed robbery case by instructing the jury, over defendant's objection, on the doctrine of recent possession. The State presented sufficient evidence of defendant's recent possession of stolen property.

**3. Firearms and Other Weapons— possession of a weapon of mass destruction—sufficient evidence—motion to dismiss correctly denied**

The trial court did not err in a possession of a weapon of mass death and destruction and possession of a firearm by a felon case by denying defendant's motion to dismiss the charges for insufficient evidence. The evidence showed that defendant possessed a weapon on different days and in different locations and defendant could be charged with multiple possession offenses.

Appeal by defendant from judgments entered 9 October 2009 by Judge Marvin K. Blount, III in Wayne County Superior Court. Heard in the Court of Appeals 27 April 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.*

**STATE v. LEE**

[213 N.C. App. 392 (2011)]

STEELMAN, Judge.

Where the issue involving a potential juror's statements during jury selection was not preserved at trial, the issue is not properly before this court and is dismissed. Where evidence permitted a reasonable conclusion that defendant was in possession of stolen property soon after it was stolen, the trial court did not err in instructing the jury on the doctrine of recent possession. Where evidence shows that defendant possessed a firearm on separate dates and in separate locations, the trial court did not err in denying defendant's motion to dismiss multiple weapons possession charges.

## I. Factual and Procedural Background

Defendant committed a series of armed robberies using substantially the same *modus operandi*. Most of the robberies, which occurred between 18 March 2008 and 24 April 2008, were at convenience stores. Defendant carried a sawed-off shotgun and was often wearing a hooded camouflage jacket, a black ski mask, and black gloves. He typically took cash and packs of "Newport" brand cigarettes.

Defendant was indicted for 12 counts of armed robbery, 9 counts of possession of a weapon of mass death and destruction, 2 counts of second degree kidnapping, 12 counts of possession of a firearm by a felon, and 4 counts of being an habitual felon. Defendant was tried before a jury at the 28 September 2009 session of Criminal Superior Court for Wayne County. All charges were submitted to the jury except the kidnapping charges, which were dismissed by the State, and the habitual felon charges, which were reserved for the second phase of the trial. Defendant was found guilty of 10 counts of armed robbery, 7 counts of possession of a weapon of mass death and destruction, and 10 counts of possession of a firearm by a felon. After the verdicts were returned, the State dismissed the 4 habitual felon counts. The trial court sentenced defendant to 6 consecutive terms of 117-150 months imprisonment.

Defendant appeals.

## II. Failure to Declare a Mistrial *Ex Mero Motu*

[1] In his first argument, defendant contends that the trial court committed plain error by not declaring a mistrial on its own motion based upon statements made by a potential juror during jury selection. We disagree.

During the jury selection process, the State asked one of the potential jurors if the fact that he knew everyone in the courtroom

through his part-time work as a sheriff's deputy would "affect his ability to hear the evidence and be fair to both sides." The potential juror responded, "I really can't say because I know some of Mr. Lee's record . . . I've dealt with him in district court." This juror was excused for cause.

Defendant asserts that the information about defendant's prior record, disclosed in the presence of the other jurors, improperly tainted the remainder of the jury, depriving him of his fundamental right to trial by an impartial jury. Admitting that he did not raise any objection before the trial court, defendant asks this Court to conduct plain error review of the trial court's decision not to grant a mistrial on its own motion.

Our Supreme Court has held that "plain error analysis applies only to instructions to the jury and evidentiary matters." *State v. Greene*, 351 N.C. 562, 566, 528 S.E.2d 575, 578, *cert. denied*, 531 U.S. 1041, 148 L. Ed. 2d 543 (2000). Therefore, plain error review is not available for a trial court's failure to declare a mistrial on its own motion. *State v. Replogle*, 181 N.C. App. 579, 582, 640 S.E.2d 757, 760 (2007); *State v. McCall*, 162 N.C. App. 64, 70, 589 S.E.2d 896, 900 (2004); *State v. Peoples*, 167 N.C. App. 63, 69, 604 S.E.2d 321, 325 (2004); but *see State v. Hinton*, 155 N.C. App. 561, 563-65, 573 S.E.2d 609, 611-12 (2002) (applying a plain error analysis to a trial court's failure to declare a mistrial *ex mero motu*).

Because this issue was not preserved at trial and is not subject to plain error review, this issue is not properly before this Court and is dismissed.

Even assuming *arguendo* that defendant properly preserved this issue for appellate review, his argument fails because he is unable to demonstrate prejudice. Evidence of defendant's prior felony conviction was introduced to the jury as part of the State's evidence on the charge of possession of a firearm by a felon. The general statement made by a potential juror about defendant's "record" was not prejudicial to defendant because specific evidence of his record was subsequently introduced at trial.

This argument is dismissed.

### III. Jury Instruction on Recent Possession Doctrine

**[2]** In his second argument, defendant contends that the trial court erred by instructing the jury, over defendant's objection, on the doctrine of recent possession. We disagree.

**STATE v. LEE**

[213 N.C. App. 392 (2011)]

## A. Standard of Review

A trial court's decisions regarding jury instructions are subject to de *novo* review. *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). A jury instruction is proper if it is based on " 'some reasonable view of the evidence.' " *State v. Garner*, 330 N.C. 273, 295, 410 S.E.2d 861, 874 (1991) (quotation omitted).

## B. Analysis

Under the doctrine of recent possession, possession of recently stolen property raises a presumption that the possessor stole the property. *State v. Maines*, 301 N.C. 669, 673, 273 S.E.2d 289, 293 (1981). Although this doctrine is often applied in the context of larceny, it also applies to armed robbery. *State v. Bell*, 270 N.C. 25, 30, 153 S.E.2d 741, 746 (1967). In order to invoke the presumption that the possessor is guilty under the doctrine of recent possession, the State must prove that "(1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others . . . ; and (3) the possession was recently after the larceny[.]" *Maines*, 301 N.C. at 674, 273 S.E.2d at 293 (internal citations omitted).

Defendant argues that the State did not introduce sufficient evidence on the first two prongs of this test and that the trial court should not have instructed the jury on the doctrine of recent possession. We hold that the State's evidence can reasonably be viewed as showing that defendant was in possession of recently stolen property. The trial court did not err by giving this instruction.

The first prong of the "recent possession" test requires that the property be identified as stolen. *State v. Carter*, 122 N.C. App. 332, 338, 470 S.E.2d 74, 78 (1996). However, the property need not be unique to be identified. *Id.* at 338, 470 S.E.2d at 78. Non-unique property may be identified "by reference to characteristics other than its appearance: the assemblage or combination of items recovered, the quantity of items recovered, and the stamps and marks on items recovered." *State v. Holland*, 318 N.C. 602, 608, 350 S.E.2d 56, 60 (1986), overruled on other grounds by *State v. Childress*, 321 N.C. 226, 362 S.E.2d 263 (1987).

Defendant argues that the State failed to establish that the Newport cigarettes that the police found were stolen because the goods were not unique. The State may present either direct or circumstantial evidence to meet its burden. *State v. Jenkins*, 167 N.C.

App. 696, 699, 606 S.E.2d 430, 432 (2005), *aff'd*, 359 N.C. 423, 611 S.E.2d 833 (2005). " '[C]ircumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of a defendant.' " *State v. Adcock*, 310 N.C. 1, 36, 310 S.E.2d 587, 607-08 (1984) (citing 1 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 15.02 (3d ed. 1977)). A court's review of the sufficiency of the evidence is identical whether the evidence is circumstantial or direct. *State v. Garcia*, 358 N.C. 382, 413, 597 S.E.2d 724, 746 (2004), *cert. denied*, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005). It is for the jury to weigh the evidence. *Thomas v. Morgan*, 262 N.C. 292, 295, 136 S.E.2d 700, 702 (1964). We hold that the State produced sufficient circumstantial evidence from which the jury could conclude that the Newport cigarettes found in defendant's duffel bag were stolen.

First, the quantity and packaging of the cigarettes found in the duffel bag on the front porch of the residence where defendant was apprehended were the same as those stolen in the final convenience store robbery. Testimony of the clerk who was working at the Kangaroo store on Berkeley Boulevard, where the final armed robbery took place on 24 April 2008, established that the robber took two bags "packed to the bursting point" with Newport cigarettes. Another Kangaroo store clerk testified that the bags in which the cigarettes were found by the police were exactly the same as the bags used at all Kangaroo stores. The jury also had the opportunity to compare the bags of cigarettes taken at the time of the robbery with the bags found by the police, because the State introduced still photographs from a surveillance camera at the Kangaroo store that showed defendant with the bags of cigarettes.

Second, the cigarettes were identifiable because they were found with items directly connected to the robbery. The duffel bag in which the cigarettes were found also contained a sawed-off shotgun, a hooded woodland camouflage jacket, a gray hoody, and black knit gloves. These items matched descriptions of the robber's weapon and clothing. Several of the witnesses actually identified the objects as the same as or similar to those used by the robber.

Despite the fact that the stolen goods were not unique, the State produced sufficient circumstantial evidence so that the jury could have concluded that the cigarettes found in the duffel bag were the same cigarettes that had been stolen from the Berkeley Boulevard Kangaroo store on 24 April 2008.

The second prong of the test for application of the doctrine of recent possession requires that "the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods." *Maines*, 301 N.C. at 674, 273 S.E.2d at 293. A defendant who has the power and intent to control the property has constructive possession of it. *State v. Mewborn*, 200 N.C. App. 731, 736, 684 S.E.2d 535, 539 (2009). When a defendant does not have exclusive control of the premises where the property is found, the State must introduce other circumstantial evidence sufficient for the jury to find that the defendant had constructive possession. *State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989).

Defendant argues that he did not have exclusive possession of the Newport cigarettes found by the police. Although defendant did not have actual possession of the duffel bag, or the cigarettes inside it, when they were discovered and did not have exclusive control over the premises on which the cigarettes were found, the State presented evidence from which the jury could find that defendant had constructive possession of the cigarettes. Defendant's ex-girlfriend identified the duffel bag in question as belonging to defendant. Moreover, defendant's DNA was found on two of the other items found in the bag, and his ex-girlfriend identified the camouflage jacket and gloves found in the bag as belonging to defendant. Other items found in the bag were also connected to the robbery by witness testimony identifying the items as the same as or similar to those used by the robber. This circumstantial evidence was sufficient for a reasonable jury to conclude that defendant had constructive possession of the Newport cigarettes found in the duffel bag. *See State v. Autry*, 101 N.C. App. 245, 252, 399 S.E.2d 357, 362 (1991) (holding that circumstantial evidence that cocaine was found on a table a few feet away from the defendant and that the defendant owned two other items on or near the table was sufficient to allow a reasonable jury to conclude that the defendant had constructive possession of the cocaine).

Because there was sufficient evidence of defendant's recent possession of stolen property, the trial court did not err in instructing the jury on the doctrine of recent possession.

This argument is without merit.

## IV. Denial of Defendant's Motion to Dismiss

**[3]** In his third argument, defendant contends that the trial court erred by denying his motion to dismiss the charges for insufficient evidence. We disagree.

### A. Standard of Review

The trial court's denial of a motion to dismiss for insufficient evidence is reviewed *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). On consideration of a motion to dismiss, the court need only determine whether there is substantial evidence of each essential element of the offense charged and of the defendant's being the perpetrator of the offense. *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002).

### B. Analysis

Defendant assigns error only to the trial court's denial of the motion to dismiss with respect to the charges of possession of a weapon of mass death and destruction and possession of a firearm by a felon. He argues that the evidence was insufficient to support multiple possession charges because the evidence tended to show that a single weapon was used, and did not show that the possession on each subsequent date of offense was a new and separate possession.

This Court recently considered the question of whether a defendant can be convicted of multiple firearm possession offenses when the same firearms were used to commit multiple substantive offenses. *State v. Wiggins*, —— N.C. App. ——, ——, 707 S.E.2d 664, 669, *disc. review denied*, —— N.C. ——, 707 S.E.2d 242 (2011). In *Wiggins* there was evidence that a series of similar substantive crimes had all been committed with the same weapons within a two-hour period in a limited geographic area. *Id.* at ——, 707 S.E.2d at 672. Based upon these facts, this Court determined that the defendant could only be convicted of one possession offense:

> As a result, we conclude that Defendant's possession of a firearm during the sequence of events that included the murder of Mr. Walls and the assaults upon Mr. Hinton and Ms. Waters constituted a single possessory offense rather than three separate possessory offenses. The extent to which Defendant is guilty of single or multiple offenses hinges upon the extent to which the weapons in question were acquired and possessed at different times. The undisputed evidence presented at trial clearly establishes that the weapons at issue here came into Defendant's pos-

session simultaneously and were utilized over the course of a two hour period within a relatively limited part of Kinston in connection with the commission of a series of similar offenses. In light of that set of facts, we conclude that the trial court properly entered judgment against Defendant based upon his conviction for possession of a firearm by a convicted felon in File No. 08 CRS 2527. However, we also conclude that the two possession-based judgments entered by the trial court in File Nos. 08 CRS 2525 and 2526 should be reversed . . . .

*Id.* at ——, 707 S.E.2d at 672. However, as noted above, whether a defendant is guilty of a single offense or multiple offenses depends on the factual circumstances. *Id.* at ——, 707 S.E.2d at 672. If the evidence shows that the defendant possessed a weapon on different days and in different locations, the holding from *Wiggins* is not controlling, and the defendant can be charged with multiple possession offenses.

In contrast to *Wiggins*, where the substantive offenses were committed in close geographic and temporal proximity, the offenses in the instant case were committed in nine different locations on ten different days over the course of a month. *See Id.* at ——, 707 S.E.2d at 672. While the evidence tended to show that defendant used the same weapon during each armed robbery, the robberies all occurred on different days and in different locations. Because each possession of the weapon was separate in time and location, we hold that the trial court did not err in denying defendant's motion to dismiss the multiple weapons possession charges.

This argument is without merit.

NO ERROR.

Judges STEPHENS and HUNTER, JR. concur.