CALABRIA, Judge.
Montrail O. Davis ("defendant") appeals from a judgment entered upon jury verdicts finding him guilty of second degree burglary, larceny pursuant to burglary, and resisting a public officer. We find no error.
I. Background
At approximately 7:45 p.m. on 14 January 2011, Officer Jason Erkes (Officer Erkes) of the Goldsboro Police Department ("GPD") responded to a call reporting the sound of breaking glass at an apartment building located at 1112 East Beech Street. Once Officer Erkes arrived at the address, he heard the sound of breaking glass and encountered defendant standing alone outside an apartment that had a broken window and a broken door. Defendant fled on foot and jumped over a fence, running through residential yards. Officer Erkes requested additional officers to attempt to set up a perimeter, and other GPD officers responded immediately. GPD Sergeant Michael Sweet ("Sgt.Sweet") responded to Officer Erkes's call and located defendant hiding underneath the back porch at 1113 B Park Avenue. Sgt. Sweet also located a brown windbreaker jacket ("the jacket") in the backyard at 1113 B Park Avenue, and Officer Erkes located a black BB gun pistol in the backyard of 1108 East Beech Street.
GPD Officer Matthew Habermas ("Officer Habermas") arrived at 1112 East Beech Street to investigate. According to the victim, Blaine Little ("Little"), foreign currency, a Disney cruise line commemorative coin, lapel pins, and a Canon digital camera were missing from his residence. Law enforcement recovered a Canon digital camera from the backyard of 1108 East Beech Street. Officers also recovered foreign currency, a Disney cruise line commemorative coin, and six lapel pins from the pockets of the jacket. Little identified the currency, Disney coin, and lapel pins recovered from the jacket as his property.
Defendant was arrested and indicted for second degree burglary, larceny pursuant to burglary, resisting a public officer, and attaining the status of habitual felon. At trial, the State presented evidence from Officer Erkes, Officer Habermas, Sgt. Sweet, and Little. At the close of the State's evidence, defendant moved to dismiss all of defendant's offenses. The trial court denied defendant's motions. Defendant presented evidence on his own behalf, testifying that he had been on his way to visit a friend and stopped to urinate outdoors near Little's apartment when Officer Erkes encountered him. Defendant also testified that he fled from law enforcement because he had outstanding child support warrants. Defendant renewed his motion to dismiss at the close of all the evidence, and the trial court again denied defendant's motion. Defendant pled guilty to attaining the status of habitual felon. The jury found defendant guilty of all remaining charged offenses. On 3 July 2014, the trial court sentenced defendant to a minimum of 132 months and a maximum of 168 months in the custody of the North Carolina Division of Adult Correction. Defendant appeals.
On appeal, defendant argues that (1) the trial court erred in denying his motion to dismiss because the State presented insufficient evidence of the elements of second degree burglary and larceny pursuant to burglary; (2) the trial court plainly erred in charging the jury on the doctrine of recent possession; and (3) the trial court plainly erred by failing to instruct the jury on lesser-included offenses.
II. Motion to Dismiss
Defendant argues that the trial court erred in denying his motion to dismiss because the State presented insufficient evidence of the elements of second degree burglary and larceny pursuant to burglary. We disagree.
"This Court reviews the trial court's denial of a motion to dismiss de novo." State v. Smith,186 N.C.App. 57, 62, 650 S.E.2d 29, 33 (2007). In reviewing the denial of defendant's motion to dismiss, this Court must determine whether "there is substantial evidence (1) of each essential element of the offense charged, and (2) that defendant is the perpetrator of the offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Key,182 N.C.App. 624, 628-29, 643 S.E.2d 444, 448 (2007) (citations and quotation marks omitted). We consider "the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." State v. Wood,174 N.C.App. 790, 795, 622 S.E.2d 120, 123 (2005).
In the instant case, defendant's primary argument is that the State presented insufficient evidence of each essential element of the offenses. Specifically, defendant contends that the State failed to show that he broke and entered Little's apartment with any felonious intent, and that there was no direct evidence placing him inside Little's apartment.
To warrant a conviction for burglary the State's evidence must show that there was a breaking and entering during the nighttime of a dwelling or sleeping apartment with intent to commit a felony therein. If the burglarized dwelling is occupied it is burglary in the first degree; if unoccupied, it is burglary in the second degree.
State v. Jamison,--- N.C.App. ----, ----, 758 S.E.2d 666, 670 (2014) (citation omitted); see also N.C. Gen.Stat. § 14-51 (2013). "The essential elements of larceny are: (1) taking the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently." State v. Wilson,154 N.C.App. 686, 690, 573 S.E.2d 193, 196 (2002). Larceny committed pursuant to burglary is a felony, regardless of the value of the items taken. N.C. Gen.Stat. § 14-72(b)(2) (2013).
[T]he intent to commit a felony within the structure which the defendant has entered necessary for a ... burglary conviction may be inferred from the circumstances surrounding the occurrence, with evidence of what a defendant does after he breaks and enters a house constituting evidence of his intent at the time of the breaking and entering.
State v. Allah,--- N.C.App. ----, ----, 750 S.E.2d 903, 907-08 (2013) (citations and internal quotations omitted).
"For the doctrine of recent possession to apply, the State must show: (1) the property was stolen, (2) defendant had possession of the property, subject to his control and disposition to the exclusion of others, and (3) the possession was sufficiently recent after the property was stolen[.]" State v. McQueen,165 N.C.App. 454, 460, 598 S.E.2d 672, 676-77 (2004). "The possession, in point of time, should be so close to the theft as to render it unlikely that the possessor could have acquired the property honestly." State v. Jackson,274 N.C. 594, 597, 164 S.E.2d 369, 370 (1968). "Under the doctrine of recent possession, possession of recently stolen property raises a presumption that the possessor stole the property." State v. Lee,213 N.C.App. 392, 395, 713 S.E.2d 174, 177 (2011). "Non-unique property may be identified by reference to characteristics other than its appearance: the assemblage or combination of items recovered, the quantity of items recovered, and the stamps and marks on items recovered." Id.at 395, 713 S.E.2d at 177 (citation omitted).
It is undisputed that Little's apartment was a dwelling or sleeping apartment, and that the events occurred at nighttime. However, defendant contends that the State failed to show that he broke and entered Little's apartment with the intent to commit a felony.
In the instant case, the State produced evidence that the door and window glass to Little's apartment were broken. Law enforcement officers found glass broken at two entry points, and they found the apartment in disarray. Sgt. Sweet testified that after defendant had been placed in custody, defendant asked him to retrieve his jacket-the brown windbreaker jacket-from the backyard where he had been hiding. Little's property was recovered from the pockets of the jacket close to the time that Officer Erkes heard glass breaking at Little's address. Little testified that the foreign currency, Disney coin, and lapel pins recovered from the jacket were his property.
The State presented evidence that the property was discovered in a jacket that defendant identified as his and was located close to his location when law enforcement took him into custody. Therefore, defendant was in possession of the property found in the jacket pockets. The likelihood that defendant could have acquired this precise combination of objects honestly, and so close to Little's residence at the time Sgt. Sweet apprehended him, is unlikely. See Jackson,274 N.C. at 597, 164 S.E.2d at 370.
Although defendant contends that the doctrine of recent possession does not apply in the instant case because the individual items were not sufficiently unique to be identifiable as Little's property, the items could be identified by reference to characteristics other than their appearance, such as "the assemblage or combination of items recovered[.]" Lee,213 N.C.App. at 395, 713 S.E.2d at 177. The currency missing from Little's residence was identified as foreign currency, and Little indicated that he had a large mug full of foreign currency given to him by relatives. Additionally, the lapel pins recovered from defendant's jacket commemorated different high school clubs of which Little had been a member. Therefore, it is unlikely that defendant could innocently be in possession of the specific combination of foreign currency, high school club lapel pins, and a Disney cruise line commemorative coin. Defendant's possessing the property raises the presumption that defendant was the perpetrator who stole the property. Id.
Defendant also contends that defendant's proximity to Little's apartment and his flight from law enforcement are insufficient to support the charged offenses. Defendant correctly cites State v. Myers,309 N.C. 78, 87, 305 S.E.2d 506, 511 (1983), and State v. Lucas,353 N.C. 568, 591, 548 S.E.2d 712, 727 (2001), for the premises that flight alone does not create a presumption of guilt and that mere presence at the scene of the crime will not support a finding of guilt. However, defendant fails to recognize that these factors must be considered in combination with the rest of the circumstantial evidence produced by the State.
The State also produced evidence that Little's residence was broken and entered into, and that items had been stolen from the residence. Little testified that the window of his residence was not broken when he left home earlier in the day, and he did not give defendant permission to take his personal items. Officer Erkes encountered defendant standing beside the broken window of Little's residence shortly after hearing the sound of breaking glass. Defendant immediately fled from Officer Erkes, and the stolen property was recovered from the pockets of a jacket defendant identified as his when he was placed into custody.
Viewing the evidence in the light most favorable to the State, the State presented substantial circumstantial evidence that Little's stolen property was the property law enforcement discovered in defendant's possession on the evening of the burglary. Pursuant to the doctrine of recent possession, the State presented substantial evidence from which the jury could infer defendant's intent to commit larceny, and therefore defendant's guilt. Defendant's argument is overruled.
III. Jury Instructions
Defendant also argues that the trial court committed plain error in instructing the jury regarding the doctrine of recent possession and failing to instruct the jury on several lesser-included offenses. Specifically, defendant contends that the trial court should have also instructed the jury on the offenses of misdemeanor breaking or entering and first and second degree trespass. We disagree.
As an initial matter, defendant concedes that he failed to object to the jury instructions or request additional instructions on lesser-included offenses. Therefore, we must apply plain error review. The Supreme Court of North Carolina "has elected to review unpreserved issues for plain error when they involve ... errors in the judge's instructions to the jury[.]" State v. Gregory,342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). Plain error arises when the error is "so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]" State v. Odom,307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation and quotation marks omitted). To establish plain error, a defendant must show that the erroneous instruction was a fundamental error that had a probable impact on the jury verdict. State v. Lawrence,365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012).
In the instant case, the trial court instructed the jury in pertinent part as follows:
The State seeks to establish the Defendant's guilt by the doctrine of recent possession. For this doctrine to apply the State must prove three things beyond a reasonable doubt:
First, that property was stolen.
Second, that the Defendant had possession of this property. A person possesses property when that person is aware of its presence and has both the power and intent to control its disposition or use.
And third, that the Defendant had possession of this property so soon after it was stolen and under such circumstances as to make it unlikely that the Defendant obtained possession honestly.
If you find from these things ah-from the evidence beyond a reasonable doubt you may consider them together with all other facts and circumstances in deciding whether or not the Defendant is guilty of larceny.
The trial court then proceeded to instruct the jury on the offenses of second degree burglary and felonious larceny pursuant to burglary.
A. Doctrine of Recent Possession
Defendant relies on Jacksonto support his argument that the items recovered from the jacket were not sufficiently identifiable to support the application of the doctrine of recent possession. However, defendant's reliance on Jacksonis misplaced.
In Jackson,the defendant was charged with burglary and felonious larceny of $17.00. 274 N.C. at 595, 164 S.E.2d at 369. After receiving a description of the suspect, law enforcement arrested and searched the defendant. Id.at 595-96, 164 S.E.2d at 369-70. The defendant was found to be in possession of a ten dollar bill, a five dollar bill, and two one dollar bills. Id.at 596, 164 S.E.2d at 370. The trial court charged the jury on the doctrine of recent possession. Id.On appeal, the Supreme Court of North Carolina granted the defendant a new trial because the trial court's instructions failed to require the jury to determine that the bills found in defendant's possession were the victims' stolen property. Id.at 597, 164 S.E.2d at 370. Specifically, the Supreme Court held that the trial court "committed error in failing to charge the presumption or inference does not apply until the identity of the property is established." Id.,164 S.E.2d at 371.
In the instant case, the trial court specifically instructed the jury that the doctrine of recent possession required them to find both that the property was stolen and that defendant was in possession of the stolen property. The trial court also instructed the jury that if they found the three elements of the doctrine of recent possession "from the evidence beyond a reasonable doubt [,] you may consider them together with all other facts and circumstances in deciding whether or not the Defendant is guilty of larceny." The jury returned verdicts finding defendant guilty of second degree burglary and larceny pursuant to burglary.
As we have previously discussed, although defendant contends that the doctrine of recent possession does not apply in the instant case because the individual items were not sufficiently unique to be identifiable as Little's property, the items could be identified by reference to characteristics other than their appearance, such as "the assemblage or combination of items recovered[.]" Lee,213 N.C.App. at 395, 713 S.E.2d at 177. It is unlikely that, immediately after Little's apartment was broken into, defendant could innocently be in possession of the specific combination of foreign currency, high school club lapel pins, and a Disney cruise line commemorative coin. Defendant's possession of the specific combination of property raises the presumption that defendant was the perpetrator who stole the property. Id.
The disputed instruction given by the court in the instant case is supported by the law and the evidence, and defendant has failed to show that the trial court's instruction on the doctrine of recent possession constituted error, let alone plain error. This argument is overruled.
B. Lesser-Included Offenses
Defendant also argues that the trial court erred in failing to instruct the jury on the offenses of misdemeanor breaking or entering, first degree trespass, and second degree trespass. We disagree.
"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." State v. Millsaps,356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). "The trial court is not ... obligated to give a lesser included instruction if there is no evidence giving rise to a reasonable inference to dispute the State's contention."State v. Lucas,--- N.C.App. ----, ----, 758 S.E.2d 672, 679 (2014) (citation omitted).
"Misdemeanor breaking or entering is a lesser-included offense of first-degree burglary. The distinction between the two offenses rests on whether the unlawful breaking or entering was done with the intent to commit the felony named in the indictment." State v. Mangum,158 N.C.App. 187, 196, 580 S.E.2d 750, 756 (2003) (citations and internal quotations omitted). "The statutory offense of felonious breaking or entering is a lesser included offense of burglary in the first and second degree." State v. Jolly,297 N.C. 121, 127, 254 S.E.2d 1, 5 (1979). "First-degree trespass is a lesser-included offense of felonious breaking or entering." Lucas,--- N.C.App. at ----, 758 S.E.2d at 678.
Where the only evidence of the defendant's intent to commit a felony in the building or dwelling was the fact that the defendant broke and entered a building or dwelling containing personal property, the appellate courts ... have consistently and correctly held that the trial judge must submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict.... However, where there is some additional evidence of the defendant's intent to commit the felony named in the indictment in the building or dwelling, such as evidence that the felony was committed ... and there is no evidence that the defendant broke and entered for some other reason, then the trial court does not err by failing to submit the lesser included offense of misdemeanor breaking and entering to the jury as a possible verdict.
Mangum,158 N.C.App. at 196, 580 S.E.2d at 756 (citation and quotation marks omitted).
In the instant case, the trial court instructed the jury on the offenses of second degree burglary and felonious larceny pursuant to burglary. Defendant contends that the offenses of misdemeanor breaking or entering and first and second degree trespass should also have been included in the jury instructions as lesser-included offenses of second degree burglary. Although defendant cites N.C. Gen.Stat. § 14-159.14 to support his argument that first and second degree trespass are lesser-included offenses of both felonious and misdemeanor breaking or entering pursuant to N.C. Gen.Stat. § 14-54, defendant does not provide any direct authority indicating that first and second degree trespass are lesser-included offenses of second degree burglary. Therefore, the question before us is whether the trial court should have instructed the jury on the offense of misdemeanor breaking or entering as a lesser-included offense of second degree burglary.
Although defendant contends that there is "no evidence of any intent to commit any felony in Mr. Little's apartment at the time of the entry," the State presented sufficient evidence of intent to commit larceny through the doctrine of recent possession to support the charge of second degree burglary. Not only was there circumstantial evidence indicating that defendant broke and entered Little's residence, but the State also presented additional evidence of defendant's intent to commit larceny within Little's residence. See Mangum,158 N.C.App. at 196, 580 S.E.2d at 756. As previously discussed, the State presented substantial evidence that defendant broke and entered Little's residence with the intent to commit larceny. Little's residence was broken into during the nighttime, and a specific combination of items had been stolen from the residence. Little testified that the window of his residence was not broken when he left home earlier in the day, and he did not give defendant permission to take his personal items. Officer Erkes encountered defendant standing beside the broken window of Little's residence shortly after hearing the sound of breaking glass. Defendant immediately fled from Officer Erkes, and the stolen property was recovered from the pockets of a jacket defendant identified as his when he was placed into custody. Since the State presented evidence not only that defendant was the perpetrator, but that he possessed the requisite intent to commit larceny within Little's residence, the State presented sufficient evidence showing that the unlawful breaking or entering was done with the intent to commit felonious larceny, Mangum,158 N.C.App. at 196, 580 S.E.2d at 756, and the trial court therefore was "not obligated to give a lesser included instruction if there [was] no evidence giving rise to a reasonable inference to dispute the State's contention." Lucas,--- N.C.App. at ----, 758 S.E.2d at 679.
IV. Conclusion
Viewing the evidence in the light most favorable to the State, the State presented substantial circumstantial evidence that Little's stolen property was the same property that Sgt. Sweet discovered in defendant's possession on the evening of the burglary. Pursuant to the doctrine of recent possession, the State presented substantial evidence from which the jury could infer defendant's intent to commit larceny, and therefore defendant's guilt. Therefore, the trial court properly instructed the jury on the doctrine of recent possession. Additionally, the State presented evidence fulfilling all the elements of second degree burglary, and therefore the trial court was not obligated to instruct the jury on the lesser-included offense of misdemeanor breaking or entering. Defendant fails to show that the trial court's failure to instruct on misdemeanor breaking or entering constituted plain error. Therefore, we find that defendant had a fair trial, free from error.
NO ERROR.
Judges STROUD and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 3 July 2014 by Judge Charles H. Henry in Wayne County Superior Court. Heard in the Court of Appeals 6 May 2015.