IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-94

Filed 16 May 2023

Randolph County, No. 18CRS154

STATE OF NORTH CAROLINA

v.

CODY BLAKE WILKIE, Defendant.

Appeal by defendant from judgment entered 22 January 2021 by Judge V. Bradford Long in Superior Court, Randolph County. Heard in the Court of Appeals 20 September 2022.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Marc Bernstein, for the State.*
>
> *Anne Bleyman for defendant-appellant.*

STROUD, Chief Judge.

Defendant appeals the judgment convicting him of second-degree murder. Because there was substantial evidence Defendant was the perpetrator of the offense, we conclude there was no error.

## I.  Background

The State's evidence tended to show that in June of 2018, Mr. Andy Moody and Defendant were driving two separate trucks at a dump site. Mr. Randall Long, who owns a trucking company, noticed Defendant was not driving the dump truck well:

"I mean he was -- it was like -- I know when you get in somebody's truck for the first time, it takes -- you know, you got to learn that truck. But it was some clanging, and I mean it was pretty bad. It wasn't normal." After other issues with Defendant's difficulties driving the dump truck, Mr. Long told Mr. Moody, "you need to do something or that truck ain't going to make it all day." Defendant then "had to ride with" Mr. Moody the rest of the day. Eventually, Mr. Moody and Defendant left the dump site together.

In the middle of the night of June 5, Mr. Wayne Munsell was driving when he saw Defendant, an acquaintance, at an intersection standing next to a dump truck. Mr. Munsell stopped, and Defendant told Mr. Munsell he thought his truck was out of gas. Mr. Munsell agreed to give Defendant a ride to get gas when Mr. Michael Everwine approached in his vehicle. Mr. Munsell noticed Defendant had a pistol.

Defendant and Mr. Munsell left the dump truck and Mr. Everwine to get gas, and Defendant stated that if Mr. Everwine looked in the dump truck, "it's on him because there's a dead guy in there." Defendant then told Mr. Munsell the "dead guy" was Mr. Moody and referred to Mr. Moody as "the anti-Christ." Mr. Munsell dropped Defendant off and went back to the dump truck where he found a man with a gunshot wound. 911 was called and the man was airlifted out. The man was identified as Mr. Moody, who died from "a gunshot wound of the head."

Defendant was indicted for first-degree murder, found guilty by a jury of second-degree murder, and sentenced by the trial court. Defendant appeals. During

the pendency of this appeal, Defendant also filed a letter with this Court alleging ineffective assistance of appellate counsel.

## II. First-Degree Murder

At the close of the State's evidence at trial, Defendant made a motion to dismiss which the trial court denied. Defendant's only argument on appeal is that the State failed to present sufficient evidence to prove Defendant shot Mr. Moody, and therefore the trial court erred in denying his motion to dismiss.

> The standard of review on a motion to dismiss is whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.
>> Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference and intendment that can be drawn therefrom.

*State v. Angram*, 270 N.C. App. 82, 83, 839 S.E.2d 865, 866 (2020) (citation omitted).

While often motions to dismiss require consideration of the elements of the crime, here Defendant only contests that he was "the perpetrator of the offense." *Id.* Defendant essentially contends that because there is no direct evidence he shot Mr. Moody, the circumstantial evidence is not enough to survive his motion to dismiss. But it is well established that we review the sufficiency of circumstantial evidence in the same manner as direct evidence:

Circumstantial evidence is proof of a chain of facts and

circumstances indicating the guilt or innocence of a defendant. A court's review of the sufficiency of the evidence is identical whether the evidence is circumstantial or direct. It is for the jury to weigh the evidence.

*State v. Lee*, 213 N.C. App. 392, 396, 713 S.E.2d 174, 177 (2011) (citations, quotation marks, and brackets omitted).

Defendant's argument regarding the evidence is subdivided into six sections: an introduction, the standard of review, an analysis, an argument for why the issue is preserved, an argument for the alleged error being prejudicial, and a conclusion. Thus, the substantive argument portion of Defendant's argument is the "Analysis[,]" and in these seven pages he does not cite a single case supporting his contention that the circumstantial evidence against him would not be sufficient to submit to the jury for consideration. Further, Defendant's only cited law beyond defining murder and the jury's duty, is regarding how his "extrajudicial confession" alone is not enough to constitute sufficient evidence. But Defendant ignores the evidence beyond his statements to Mr. Munsell. The remaining evidence shows that Defendant knew and worked with Mr. Moody; he was seen with Mr. Moody shortly before his death; he was discharged from a job by Mr. Moody on 5 June 2018, the very day of the murder; Defendant was found by the dump truck containing Mr. Moody's body; and Defendant possessed a gun immediately after leaving the dump truck.

The State was not required to produce an eyewitness to the shooting or physical evidence linking Defendant to the gun as Defendant implies, considering the

other substantial evidence. Viewing the evidence in the light most favorable to the State, as we must, *Angram*, 270 N.C. App. at 83, 839 S.E.2d at 866, the circumstantial evidence in this case served as "proof of a chain of facts and circumstances indicating the guilt[,]" *Lee*, 213 N.C. App. at 396, 713 S.E.2d at 177, of Defendant as "the perpetrator of the offense." *Angram*, 270 N.C. App. at 83, 839 S.E.2d at 866. This argument is overruled.

Finally, we also note that during the pendency of Defendant's appeal, in December 2022, Defendant wrote a letter to this Court requesting "a new appeal and new appeal lawyer." Defendant was apparently under the erroneous impression that his appeal had already concluded and his conviction had been upheld. Generously construing Defendant's letter, he appears to allege his appellate counsel was biased against him due to a letter he wrote to her. But Defendant was mistaken as to the status of his appeal at the time of his letter, as he claims that "[i]n September [he] was notified that appeal lawyer had filed a brief on his behalf *and that the Court of Appeals had affirmed his conviction*[.]" (Emphasis added.) Further, many of Defendant's arguments seem to stem from issues with his trial counsel rather than his appellate counsel. Although Defendant's letter was indexed as a motion for appropriate relief with this Court, the substance of the letter did not raise any cognizable claim this Court would have jurisdiction to address when it was filed. Therefore, this opinion does not address the contentions of Defendant's letter and does not prevent Defendant from filing any motions as he may deem fit, including a

motion for appropriate relief before the trial court.

### III.    Conclusion

Because there was substantial evidence Defendant murdered Mr. Moody, the trial court properly denied his motion to dismiss.

NO ERROR.

Judges ZACHARY and MURPHY concur.